■ In the Matter of LESTER R. DIMOND, JR., an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner. — In this proceeding to discipline an attorney for professional misconduct, petitioner moves (1) to confirm the report of the Justice of the Supreme Court to whom this court referred the issues for hearing and report and (2) for disbarment of respondent. Although respondent interposed an answer to the petition and an affirmation in opposition to the present motion, he failed to appear before said Justice upon the hearing at which petitioner's proofs were presented, due notice of which hearing had been given him. Respondent was admitted to the Bar by this court on June 28, 1950, and has maintained an office for the practice of law in Huntington, Suffolk County. The reporting Justice has found respondent guilty of three of the four charges set forth in the petition, namely, the first, second and fourth. The findings in the report are as follows: Charge 1. Respondent took an "exorbitant and unconscionable" fee, $8,250, for his services as attorney for a decedent's estate whose gross assets were some $19,000, and refunded $2,167 only after complaint by the executors; and, moreover, his acts in taking that amount of money and his subsequent concealment of what he had done were "reprehensible" — he had the executors give him several signed blank checks on his misrepresentations that the checks were needed for estate bills and expenses, filled them in for the total of $8,250, and appropriated their proceeds for himself between October, 1964, and November, 1965. Charge 2. Respondent collected $15 weekly rent payments on real property of the same estate from July, 1964, to December, 1964, a total of at least $285, and improperly converted this money to his own use. Charge 4. In another decedent's estate, in which he served both as executor and attorney, he took an exorbitant fee for his legal services rendered between May, 1966, and February, 1967, $900, the gross estate being about $7,000 (without seeking the Surrogate's approval of the fee), and refunded $300 only after the beneficiary of the estate complained. The reporting Justice's findings are fully sustained by the evidence. Accordingly, the motion is granted in all respects. In our opinion,

respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.