■ In the Matter of NORBERT J. SHERBUNT, JR., Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. The Committee on Professional Standards moves to confirm in part and disaffirm in part the report of the Referee which found respondent guilty of engaging in conduct that adversely reflected on his fitness to practice law, charging excessive fees, and failing to maintain adequate records; the Referee did not sustain that portion of charge I accusing respondent of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of the Code of Professional Responsibility DR 1-102 (A) (4). Respondent cross-moves to confirm in part and disaffirm in part the Referee's report.

Respondent, an attorney admitted before this court in 1967, maintains an office for the practice of law in the City of Amsterdam, Montgomery County.

The charges against respondent stem from his representation of one Magdalynne Conrad from 1979 through January 1984. During this period, Ms. Conrad, who is now deceased, was a retired schoolteacher in her early eighties; she had never married and lived alone. During the five years he knew Ms. Conrad, respondent developed an extensive attorney/client relationship with her as well as a personal friendship. Among other things, respondent represented Ms. Conrad as executor and sole beneficiary of her sister's estate, drew Ms. Conrad's will, was entrusted with a power of attorney over her affairs, counselled her on her investments, gained admittance to a nursing home for her, and generally befriended her.

Charge I of the Committee's petition of charges accuses respondent of engaging in professional misconduct by accepting from Ms. Conrad a gift to himself and his children of $45,000 and a loan of $10,000. The Referee found that while

the circumstances of both the gift and the loan adversely reflected on respondent's fitness to practice law and that his acceptance of them therefore violated the Code of Professional Responsibility DR 1-102 (A) (6), the Committee had failed to establish that the gifts were the product of undue influence, fraud, or overreaching by respondent. The Referee therefore rejected the allegation that he had violated the Code of Professional Responsibility DR 1-102 (A) (4). We confirm the Referee's findings.

With respect to the gift of $45,000, we note that it was not revealed to any other party (albeit apparently at Ms. Conrad's wishes) and was memorialized in a writing signed by Ms. Conrad and personally typed by respondent. The instant circumstances surrounding this sizable gift from an elderly client to an attorney who handled almost all of her financial affairs clearly gave the appearance of impropriety (see, Code of Professional Responsibility Canon 9) and therefore the acceptance of the gift under such circumstances adversely reflected on respondent's fitness to practice law. We would emphasize that we do not hold that acceptance of a gift from a client in and of itself constitutes professional misconduct under any circumstances. However, when an attorney is sought to be made the object of a client's bounty, the guidance provided by Ethical Consideration EC 5-5, is especially relevant: "A lawyer should not suggest to his client that a gift be made to himself or for his benefit. If a lawyer accepts a gift from his client, he is peculiarly susceptible to the charge that he unduly influenced or over-reached the client. If a client voluntarily offers to make a gift to his lawyer, the lawyer may accept the gift, but before doing so, he should urge that his client secure disinterested advice from an independent, competent person who is cognizant of all the circumstances. Other than in exceptional circumstances, a lawyer should insist that an instrument in which his client desires to name him beneficially be prepared by another lawyer selected by the client." Here, although respondent claimed that he urged his client to seek disinterested advice, at a minimum he should have insisted that another attorney prepare the writing which memorialized the gift and should have sought the involvement of a third party who could attest to the voluntary nature of the transaction. His failure to do so constituted a violation of DR 1-102 (A) (6).

With respect to the December 1982 loan of $10,000, we note that it too was not revealed to any other party, was memorialized in a note prepared by respondent and made payable on

demand, and was repaid by respondent only when he was faced with its discovery by the law firm to which respondent turned over Ms. Conrad's file in early 1984. As with the gift, the circumstances of the loan, at a minimum, gave the appearance of impropriety and therefore respondent's acceptance of the loan under such circumstances also adversely reflected on his fitness to practice law (see, e.g., ABA/BNA Lawyers' Manual on Professional Conduct 51:501; see also, Matter of Cohn, 118 AD2d 15, 25-26, lv denied 68 NY2d 712).

Charge II accused respondent of charging Ms. Conrad excessive fees in violation of the Code of Professional Responsibility DR 2-106 (A). The specifications under charge II cite fees of $1,500 in 1979 and $3,000 in each of the years 1980 through 1983 for his services on Ms. Conrad's behalf pursuant to a power of attorney; $1,500 in 1981 and $3,000 in 1982 for investment counselling; a fee of $25,000 for handling the estate of Ms. Conrad's sister (an apparent gross estate of about $263,000); a charge of $2,500 for the transfer of two houses to Ms. Conrad's nephews; and a fee of $5,000 for his services in obtaining admission to a nursing home for Ms. Conrad. Using the factors listed in the Code of Professional Responsibility DR 2-106 (B), as a guide and noting the evidence submitted by the Committee indicating the customary fees for such services in the Amsterdam area, we confirm the Referee's finding that the fees cited by the Committee in charge II were excessive.

Finally, we confirm the referee's findings as to the specifications contained in charge III of the petition that respondent failed to keep accurate and complete records of certain of Ms. Conrad's moneys that came into his possession, in violation of the Code of Professional Responsibility DR 9-102 (B) (3).

The confirmed charges against respondent indicate, at a minimum, conduct that could be perceived by the public as a betrayal of the trust Ms. Conrad placed in respondent. While respondent's acceptance of the gift and loan was not itself misconduct, the circumstances of the acceptance clearly adversely reflected on respondent's fitness to practice law by presenting the appearance of impropriety. The charging of excessive fees further adds to this aura of a betrayal of a client's trust. Finally, the instances of failure to maintain records, while appearing to be only technical violations of the Code, also add to the perception of an attorney failing to maintain the highest standards of his profession during the course of an attorney/client relationship fraught with opportunities for misconduct. In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar,

respondent should be suspended from the practice of law for one year.

Respondent suspended from the practice of law for one year, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Main, Levine and Yesawich, Jr., JJ., concur.