■ In the Matter of JOHN M. CHOLAKIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam.

Petitioner, the Committee on Professional Standards, moves to confirm in part and disaffirm in part the report of the Referee, Hon. William J. Crangle, dated September 26, 1991, which sustained several charges of professional misconduct against respondent while rejecting other charges. Respondent cross-moves to confirm in part and disaffirm in part the Referee's report.

Charges I through V concern respondent's handling of the personal injury claim of an infant, Maria Meletis. Respondent was retained in 1977 to represent Maria Meletis, who was then 13 years of age, by her father, George Meletis, who was a friend of respondent's and fellow member of the local Greek-American community. The evidence establishes that until his death in 1985, George Meletis clearly controlled the conduct of the lawsuit on behalf of his daughter, who reached age 18 in December 1982.

Charge I accuses respondent of violating the Code of Professional Responsibility by settling Maria's claim without her knowledge or consent and failing to promptly notify her of his receipt of the settlement proceeds. The lawsuit was settled in March 1984 for $7,500; respondent placed the proceeds in his attorney escrow account. We agree with the Referee's assessment that, even taking into account the old world, paternalistic nature of George Meletis's involvement, respondent had a duty to assure that Maria was informed of the settlement and the disposition of the proceeds, especially since she was an adult at the time the litigation was settled. Respondent is therefore guilty of the misconduct alleged in Charge I.

Charge II alleges that respondent affixed Maria's name to the settlement checks as an endorsement without her knowledge or consent. Two settlement checks were endorsed with the names of respondent, Maria Ann Meletis and George Meletis and deposited in respondent's attorney escrow account: a $4,000 check was deposited in July 1984 and a $3,500 settlement check was deposited in August 1984. Petitioner and respondent have stipulated that Maria's endorsement was affixed to the checks "without her participation". Maria testified to her opinion that the endorsements on the checks purporting to be those of George Meletis were not his signatures, the implication being that respondent signed both George Meletis's and Maria Meletis's names. The Referee chose not to credit Maria's testimony on this point and found it just as possible that George Meletis had signed his own

name and Maria's on the checks. We find that petitioner has not met its burden of proving, by a fair preponderance of the evidence, that respondent affixed Maria's name to the settlement checks without her knowledge or consent and therefore conclude that respondent should be found not guilty of the professional misconduct alleged in Charge II.

Charge III accuses respondent of converting the $7,500 in settlement moneys he deposited in his attorney escrow account. There is no dispute that respondent expended all or a substantial part of these funds to satisfy personal debts. However, respondent claims that George Meletis authorized him to use the funds as a loan to prop up respondent's faltering restaurant business. In return, according to respondent, he agreed to eventually pay Maria a larger lump sum than the $7,500 settlement, plus interest. The only evidence of this agreement between respondent and George Meletis is respondent's testimony. Even if it is accepted that respondent entered into such an agreement with George Meletis, it is apparent, as found by the Referee, that he was not authorized by his client to use her funds for his own purposes. Under the circumstances, we find that respondent converted the settlement moneys, although possibly without venal motive to permanently deprive Maria of them.

Charge IV accuses respondent, in four specifications, of misleading and deceiving Maria Meletis as to the status of her lawsuit. Specification 1 states that during the period April 1984 to September 1989, Maria inquired of respondent regarding the status of her lawsuit, and that he untruthfully told her and members of her family that negotiations were ongoing and that he would seek a trial date in the case. Specification 2 states that, in or about September 1989, respondent untruthfully told Maria he had settled her case for $23,500 and a check would be received from the insurance company in approximately 30 days. Specification 3 states that, in October 1989, respondent untruthfully told Maria Meletis that he had not received the settlement check although he expected the matter to be concluded in November. He further requested that she execute a power of attorney to permit him to settle the claim, with the advice the claim would be settled in December. Specification 4 states that, on or about December 22, 1989, respondent furnished Maria Meletis with his check in the amount of $23,500, untruthfully advising that it constituted settlement of her claim. Respondent has essentially admitted these specifications and we accordingly find him guilty of the charged misconduct.

Charge V, in two specifications, accuses respondent of issuing checks to his client Maria Meletis drawn on closed or inactive accounts. Specification 1 states that, on or about December 22, 1989, respondent gave Maria a check dated December 28, 1989 in the amount of $23,500 drawn on a State Employees Federal Credit Union account which had had a zero balance since November 10, 1988. The check was deposited on January 12, 1990 and later that month it was returned unpaid with the notation "Account Closed". The Referee did not sustain this specification because respondent had asked Maria to hold the check until the date thereon and in the Referee's view the transaction was more akin to a promise to pay in the nature of a note than a check drawn upon insufficient funds. We disaffirm the Referee's report with respect to this conclusion and find respondent guilty of the specified misconduct. While Maria Meletis testified that respondent asked her to hold the check until its date, she denied being asked to wait any longer before depositing the check. Also, respondent did not take any steps to reactivate the account. Specification 2, sustained by the Referee, states that, on or about February 2, 1990, respondent gave Maria another check dated February 2, 1990 in the amount of $23,500 drawn on a Marine Midland bank account which had been closed on June 24, 1987, and prior thereto had had a negative balance from December 19, 1986. We confirm the Referee's report with respect to specification 2.

Charge VI accuses respondent of failing to respond to inquiries from his client, Jennifer Pray, and provide requested documentation. Specification 1 states that respondent represented Pray in both the purchase and sale of real property in April 1988. At the time, respondent was counsel to the State Employees Federal Credit Union (SEFCU) but also had a few private clients. Pray was a fellow employee at SEFCU. Specification 1 further states that, following the closing on Pray's sale on April 25, 1988, she requested a closing statement from respondent. He did not furnish same until late 1988. Specification 2 states that following the closing on Pray's purchase on April 25, 1988, request was made on repeated occasions for a closing statement. While respondent provided figures to Pray by phone in 1989, he failed to furnish a written statement. Respondent has essentially admitted these specifications and we confirm the Referee's finding that respondent is guilty of the professional misconduct alleged in Charge VI.

The four specifications of Charge VII allege various instances of respondent's failure to cooperate with petitioner in

its investigation of the Pray and Meletis matters. Respondent has essentially admitted these specifications and we confirm the Referee's finding that respondent is guilty of the professional misconduct alleged in Charge VII.

Respondent is guilty of serious professional misconduct, especially in his handling of the personal injury lawsuit of his client Maria Meletis. He settled the lawsuit without her knowledge or consent; failed to promptly notify her of the receipt of the $7,500 in settlement proceeds; used the settlement moneys to satisfy personal debts; misled and deceived her as to the status of the case after it was settled; and issued bad checks to his client, claiming they were the settlement proceeds. The misconduct is mitigated by several factors. First, George Meletis's control of the lawsuit on behalf of his daughter may explain some of respondent's failures to advise her directly of the lawsuit's progress or obtain her consent to the settlement. However, this excuse is untenable after George Meletis's death, at which time the deceit continued, even to the extent of respondent issuing checks to his client on closed or inactive accounts. Second, respondent's improper use of the settlement moneys is ameliorated by his apparent loan agreement with George Meletis. We note, however, that even though respondent is not charged with entering into an improper loan arrangement, the loan, as testified to by respondent, gave at least the appearance of impropriety or overreaching: George Meletis was not advised to secure disinterested advice or legal assistance, there was no writing memorializing the loan or its terms, and it was not revealed to third parties (see, e.g., Matter of Sherbunt, 134 AD2d 723). Third, respondent did eventually pay Maria Meletis $23,500 by certified check on February 8, 1990 thereby negating any pecuniary harm to her (see, e.g., Matter of Steenbergh, 165 AD2d 953); indeed, the $23,500 appears well in excess of the original $7,500 settlement plus any reasonable interest that might have accrued during the intervening years. Fourth, respondent has submitted laudatory character testimony from leaders of the business and legislative communities in New York State as well as from two local attorneys. Finally, the Referee found that respondent recognized the nature of his misconduct and was contrite. In his report, the Referee noted: "His recognition of his wrongdoing and attempt to rectify the wrong he had done to Maria Meletis predated any involvement of the petitioner. Although he continued to withhold the true status of her case from Maria he did carry out his agreement made with George Meletis for her benefit. In the

context of his relationship to this family and his sensitivity to the heritage of paternalism so evident in Maria's dependency on her father and mother even into her adult years, respondent's behavior seems less flagrant than it otherwise would."

In addition to the Meletis lawsuit misconduct, respondent is also guilty, as noted above, of failure to respond to inquiries from his client Pray; of failure to furnish Pray with requested closing documents; and of failing to cooperate with petitioner in its investigation of both the Pray and Meletis matters. Petitioner also advises that respondent's disciplinary record is marred by several admonitions. In November 1988, respondent was admonished for failing to cooperate with petitioner in its investigation of an inquiry and cautioned for neglect of an estate. In July 1989, respondent was orally admonished for continued neglect of the estate and continued failure to cooperate with petitioner. In September 1991, respondent was admonished for neglect of a matrimonial matter.

In view of the above, and in order to deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be suspended from the practice of law for a period of one year.

Mikoll, Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted with respect to Charges I, III, IV, specification 2 of Charge V, Charge VI and Charge VII; petitioner's motion to disaffirm the report with respect to Charge II is denied; it is granted with respect to specification 1 of Charge V. Respondent's cross motion to confirm the Referee's report is granted with respect to Charge II and denied with respect to specification 1 of Charge V; his motion to disaffirm is denied with respect to Charges I, III, IV, specification 2 of Charge V, Charge VI and Charge VII, and it is further ordered that respondent is found guilty of professional misconduct as charged and specified in Charge I and Charges III through VII, and it is further ordered that respondent be and hereby is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, commencing February 10, 1992, and until further order of this court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor-at-law, that he has complied fully with the provisions of section 806.12 (b) of this court's rules (22 NYCRR 806.12 [b]) governing the conduct of attorneys, and that he has otherwise properly

conducted himself during the period of his suspension, and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto, and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this court regulating the conduct of disbarred, suspended or resigned attorneys.