■ In the Matter of ALBIE S. FERRUCCI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Petitioner, the Committee on Professional Standards, moves to confirm the report of the Referee which sustained four charges of professional misconduct against respondent. Respondent, an attorney admitted to practice by this court in 1951 and who maintains an office for the practice of law in Schenectady, is accused of charging clearly excessive fees to three divorce clients in violation of the Code of Professional Responsibility DR 2-106* and of making a false statement in a complaint. Respondent cross-moves to disaffirm the Referee's report. Because we are in accord with the Referee's assessment of the testimony presented before him by respondent, the three clients, and two expert witnesses, we grant petitioner's motion, deny respondent's cross motion, and find respondent guilty of the professional misconduct charged and specified in the petition.

Respondent charged his client Karen M. Kerley $10,550 for a divorce which, according to the testimony of petitioner's expert witness, should have cost no more than $3,000. Since even respondent's expert witness acknowledged that the Kerley matter was not complex (although also opining that respondent's fee was reasonable), we conclude that the $10,550 fee was clearly excessive and "abuse[d] the professional rela-

---

* As in effect prior to September 1, 1990.

tionship between lawyer and client" (Code of Professional Responsibility EC 2-17). Respondent then further abused his professional relationship with Kerley by suing her for his fee without making specific demand therefor prior to instituting suit, although he could have made such demand during the four years intervening between the last date of the services he rendered for Kerley and the date of the suit. According to respondent, he commenced his action at such a late date to toll the running of the applicable Statute of Limitations and he failed to make prior specific demand for his fee through an oversight. According to Code of Professional Responsibility EC 2-23, however, "A lawyer should be zealous in his efforts to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject. [He] should not sue a client for a fee unless necessary to prevent fraud or gross imposition by the client." There is no evidence that Kerley would have refused to pay a reasonable fee. Respondent is also clearly guilty of the professional misconduct specified in charge IV of the petition, that, in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6) and DR 7-102 (A) (5), he falsely stated in his verified complaint against Kerley that he had made due demand for his $10,550 fee (minus a $375 retainer Kerley had paid) prior to the institution of his lawsuit.

Respondent also charged his clients Robert Meccariello and Karen Brundige clearly excessive fees rendering the Kerley fee not simply an isolated incident of misconduct but more likely a pattern of behavior. In both cases, respondent's expert witness acknowledged that the matters were not complex, although again opining that respondent's fees were reasonable. Respondent initially charged Meccariello $11,250 for a divorce which petitioner's expert witness testified should have cost no more than $2,500. The Meccariello misconduct is somewhat mitigated by respondent's willingness to accept $3,500 as full payment and his forbearance in not cashing a check for $3,500 in his possession made out to respondent as attorney for Meccariello. On the other hand, $3,500 is more than the estimate of a maximum reasonable fee by petitioner's expert witness and is curiously the same amount as the check in respondent's possession, which check represented half of the primary marital asset ($7,000 in wedding gifts) and not a legal fee.

Respondent charged his client Brundige $6,620 for his services while petitioner's expert witness estimated a maximum reasonable fee of $3,000. Again, the excessive nature of this

fee is somewhat mitigated by respondent's acceptance of $4,500 as full payment although even that amount is more than the $3,000 estimate by petitioner's expert. Also, Brundige complained to petitioner about the $6,620 charge, not the $4,500 finally accepted by respondent.

Respondent's clients have been harmed by his professional misconduct. Kerley is required to defend the civil suit initiated by respondent seeking the $10,550 legal fee determined here to be excessive; Brundige paid more than the highest reasonable amount for the legal services rendered to her, according to at least petitioner's expert witness; and Meccariello, presumably because of respondent's assertion of $3,500 due, has not obtained the check representing $3,500 of marital assets.

At worst, charging excessive legal fees represents a form of conversion of client moneys (see, e.g., Matter of Dimond, 30 AD2d 661). At best, it represents a careless and shoddy business practice and a willingness to abuse the professional relationship between lawyer and client. Respondent's actions appear closer to the latter and his misconduct might have been avoided had he reached a clear agreement concerning his fees with these clients when they first retained him. Such an agreement probably best serves its purpose when it is reduced to writing and at least sets forth the understanding of the attorney and client with respect to the basis for and amount of an initial retainer, if any, and the hourly billing rate; the form and frequency of bills to the client; and the provisional nature of any estimate as to the total amount of the fee. As noted in Code of Professional Responsibility EC 2-19, "A lawyer should be mindful that many persons who desire to employ a lawyer may have had little or no experience with fee charges of lawyers, and for this reason lawyers should explain fully to such persons the reasons for the particular fee arrangement proposed."

In mitigation of his misconduct, respondent has offered laudatory character testimony and affidavits from Schenectady attorneys and Judges who have been personally and professionally acquainted with him over the years. Respondent has also been active with the Schenectady County Bar Association as administrator of the assigned counsel plan and through service on the grievance committee.

In aggravation of his misconduct, petitioner cites a 1971 letter of caution, a 1982 personal admonition, and a 1988 letter of admonition. We note that each of the prior disciplinary incidents involved respondent's billing and fee practices.

We conclude that, in order to deter similar misconduct and preserve the reputation of the Bar, respondent should be suspended from the practice of law for a period of six months.

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that, petitioner's motion to confirm the Referee's report is granted; respondent's cross motion to disaffirm the Referee's report is denied; and it is further ordered, that Albie S. Ferrucci be and hereby is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six months, commencing March 20, 1992, and until further order of this court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor-at-law, that he has complied fully with the provisions of section 806.12 (b) of this court's rules governing the conduct of attorneys (22 NYCRR), and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this court regulating the conduct of disbarred, suspended or resigned attorneys (22 NYCRR).