■ In the Matter of CASEY A. CLINES, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [628 NYS2d 848] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He has maintained an office for the practice of law in Saratoga Springs. He presently resides in Ithaca.

By order of this Court dated January 9, 1995, respondent was suspended from practice for failure to comply with a subpoena duces tecum (see, 22 NYCRR 806.4 [b]).

By petition dated February 2, 1995, petitioner lodged seven charges of professional misconduct against respondent and sought an order sustaining the charges and imposing appropriate discipline. Respondent made no reply to the petition or to the instant motion by petitioner for default judgment which ensued. Petitioner has filed proof of personal service of the petition and motion on respondent and proof by affidavit of the facts constituting the alleged misconduct. Respondent's failure to answer or appear is generally deemed tantamount to an admission of the charges.

We grant petitioner's motion to the extent of finding respondent guilty of the professional misconduct charged and specified in specifications 3, 4, and 5 of charge I and in charges II through VI. We find petitioner's proof insufficient to sustain specifications 1 and 2 of charge I, which allege neglect of a client's matters, in view of respondent's contrary testimony on September 9, 1994. With respect to charge VII, petitioner has submitted proof that respondent did not perform the promised services for the fees he charged and has not made any refunds; however, petitioner has submitted no evidence to support the charge that the fee amounts were excessive (see, e.g., Matter of Ferrucci, 180 AD2d 959; Matter of Sherbunt, 134 AD2d 723).

Respondent has neglected the legal matters of three clients who entrusted to him a divorce, a DWI charge, and a breach of warranty claim against an automobile dealer. He performed little or no services for these clients, but did accept their fees or retainers. He has not returned their payments to them. Despite requests therefor, he has also not returned documentation supporting their claims to two of the clients. He did not maintain communications with four clients, including the three clients whose claims were neglected. Indeed, his clients faced some insuperable obstacles in contacting him: his telephone was disconnected in August 1994, he has moved at least twice during the past year, and it appears that for a time clients could contact him only by leaving messages at a telephone in a Saratoga Springs tavern.

When petitioner made inquiry of respondent concerning the above misconduct, he was unresponsive to letters and follow-up letters from petitioner. He did appear pursuant to subpoena duces tecum at an examination under oath before petitioner on September 9, 1994, but did not produce the files he had been directed to bring with him. Although afforded ample opportunity to thereafter produce them, he has not yet done so. By order dated December 2, 1994, we suspended respondent unless he produced the demanded documentation at a scheduled January 4, 1995 continuation of his examination under oath. Respondent did not appear. Respondent has not reimbursed petitioner for the stenographic costs of the two hearings as required by section 806.4 (e) (22 NYCRR 806.4 [e]) of this Court's Rules.

Respondent has not registered as an attorney or paid the attendant attorney registration fee as required by Judiciary Law § 468-a and section 118.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR 118.1), despite warnings from petitioner.

In sum, respondent has demonstrated an inability to complete client matters, kept unearned fees, demonstrated an unacceptable disregard for the authority of petitioner and this Court, failed to comply with the attorney registration requirements, failed to comply with this Court's Rules requiring him to reimburse petitioner for the stenographic costs it has incurred, and evinced a disregard for his fate as an attorney. In view of all of the above, we conclude that respondent should be disbarred (*see, e.g., Matter of Larson*, 177 AD2d 852).

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that petitioner's motion for a default judgment be and hereby is granted with respect to specifications 3,

4, and 5 of charge I and with respect to charges II through VI and respondent be and hereby is found guilty of the professional misconduct set forth in specifications 3, 4, and 5 of charge I and in charges II through VI; specifications 1 and 2 of charge I and charge VII be and hereby are dismissed; and it is further ordered that respondent reimburse petitioner in the amount of $373.50 for the stenographic costs of the examinations under oath conducted in this matter; and it is further ordered that respondent be and hereby is disbarred, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.