■ In the Matter of E. Paige Parsons, a Suspended Attorney, Respondent. Committee on Professional Standards, Petitioner. [682 NYS2d 717] —Per Curiam. Respondent was admitted to practice by this Court in 1990 and maintained a law office in Plattsburgh.

Respondent is currently suspended from practice because of her continuing failure to comply with a subpoena duces tecum obtained by petitioner in November 1997 in furtherance of its investigation of client complaints against her (*Matter of Parsons*, 248 AD2d 888).

By petition filed in July 1998, petitioner preferred eight charges of professional misconduct against respondent. She has not answered or otherwise appeared in response to the petition or the subsequent default judgment motion, both of which were personally served upon her. Petitioner has submitted an affidavit factually supporting the charges of professional misconduct. Under such circumstances, respondent is deemed to have admitted the charges and the motion for a default judgment is granted (*see, Matter of Petrolawicz*, 228 AD2d 1005).

Based on the papers submitted by petitioner, we find that respondent has demonstrated an inability or unwillingness to complete client matters, kept unearned fees and billed the county for unearned fees, demonstrated an unacceptable disregard for the authority of petitioner and this Court, failed to comply with the attorney registration requirements, failed to comply with this Court's rule requiring her to reimburse petitioner for its stenographic costs (*see*, 22 NYCRR 806.4 [e]), and evinced a total disregard for her responsibilities as an attorney. In view of the above, we conclude that respondent should be disbarred (*see, e.g., Matter of Clines*, 216 AD2d 784).

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the motion for a default judgment is granted and respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and she is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.