■ In the Matter of STEPHEN L. ROCKMACHER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [956 NYS2d 583]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He maintains an office for the practice of law in the City of Schenectady, Schenectady County.

Upon referral by this Court, the issues of fact raised by a petition of charges and respondent's answer were heard by a Referee, who issued a report sustaining certain charges and finding that petitioner did not meet its burden of proof with respect to other charges (see 22 NYCRR 806.5). Petitioner now moves to confirm in part and disaffirm in part the Referee's report. Respondent has submitted papers in response to the motion.

We find that respondent engaged in professional misconduct by making an untrue statement to petitioner concerning the reason a telephonic hearing in an immigration removal proceeding in which he participated had to be rescheduled, neglecting the client's matter by being unprepared during the telephonic hearing, and failing to provide an itemized bill in another client's matrimonial matter, all in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (5) and DR 6-101 (a) (3) (former 22 NYCRR 1200.3 [a] [4], [5]; 1200.30 [a] [3]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b); 1.15 (c) (3) and 8.4 (c) and (d).* With respect to the charge that respondent charged excessive fees to two clients in violation of former Code of Professional Responsibility DR 2-106 (a) (former 22 NYCRR 1200.11 [a]) and the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (a), we find that petitioner did not prove either of these two specifications of the charge and, in this respect, we note in particular the absence of any expert testimony on that issue (see e.g. Matter of Keiser, 263 AD2d 609 [1999]; Matter of Clines, 216 AD2d 784 [1995]; Matter of Ferrucci, 180 AD2d 959 [1992], appeal dismissed, lv denied 79 NY2d 941 [1992]; Matter of Sherbunt, 134 AD2d 723 [1987]), and the absence of any other allegation of professional misconduct or violation relative to the counsel fees. Consequently, the motion by petitioner to confirm in part and disaffirm in part the Referee's report is granted and denied in accordance with the above findings.

Given the circumstances and noting respondent's otherwise unblemished disciplinary record, we conclude that censure is the appropriate sanction in this matter to protect the public, deter similar misconduct and preserve the reputation of the bar.

Spain, J.P., Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in this decision; and it is further ordered that petitioner's motion to confirm in part and disaffirm in part the Referee's report is granted and denied in accordance with the findings in this decision; and it is further ordered that respondent is censured.

---

* The alleged misconduct occurred prior to and after the April 1, 2009 enactment of the Rules of Professional Conduct.