THIRD DEPARTMENT, NOVEMBER, 1989

(November 8, 1989)

■ In the Matter of MICHAEL RAPHAEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS OF THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an attorney admitted in this department in 1966 and maintains an office for the practice of law in Amsterdam, Montgomery County.

In this disciplinary proceeding, petitioner Committee on Professional Standards alleged eight charges of professional misconduct stemming, in part, from respondent's conduct in handling the settlement of one client's negligence action and another client's real estate closing, and in the management of respondent's escrow account. Following a hearing, the Referee issued a report sustaining all or part of six of these charges. Petitioner has moved for an order confirming in part and disaffirming in part the Referee's report.

Charge I of the petition, containing three specifications, alleges that respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6) which forbids an attorney from engaging in conduct involving dishonesty or fraud, or which is prejudicial to the administration of justice, or which adversely reflects upon the attorney's fitness to practice law. Specification 1 alleges respondent signed a client's name to a general release in settling a negligence case without the client's permission. Specification 2 alleges respondent wrongfully notarized the release thereby certifying that the client had in fact signed it in his presence. Specification 3 alleges respondent endorsed the client's name on the check received in settlement without her authorization. The Referee sustained this charge.

Charge II alleges that respondent violated DR 9-102 (B) (1) and (4) by failing to promptly notify the client involved in charge I of the receipt of the settlement proceeds and by

failing to promptly remit same. Specification 1 of this charge alleges that while respondent received the $7,500 settlement check on or about January 21, 1987, he failed to advise the client of its receipt until February 9, 1987, although the client had called his office several times during this period inquiring about the check. Specification 2 alleges that the proceeds of the check were ultimately returned to the insurance company without the client's consent. The Referee did not sustain this charge.

Charge III alleges that respondent violated DR 9-102 (A) by commingling his personal funds with those of his clients. The Referee sustained this charge.

Charge IV avers, in 10 specifications, that respondent violated DR 1-102 (A) (4), (5) and (6) and DR 9-102 (A) and (B) by converting the funds of 10 different clients during 1987. The Referee sustained five of the specifications of this charge, excluding the allegation of dishonesty.

Charge V alleges respondent violated DR 9-102 (B) and section 806.18 of the rules of this court (22 NYCRR 806.18) by failing to maintain accurate records concerning his escrow account. Specification 1 alleges respondent wrote checks on the escrow account, allegedly for legal fees, which could not be identified with any specific client from whom fees were due, while specification 2 alleges respondent failed to maintain a record of the source of funds or the persons on whose behalf funds were held in the escrow account. The Referee sustained this charge.

Charge VI alleges respondent violated DR 9-102 (B) (4) by failing to return to a client moneys held on his behalf in an escrow account until petitioner initiated an investigation. The Referee did not sustain this charge.

Charge VII alleges respondent violated DR 1-102 (A) (4) and (5) by misleading the Client's Security Fund in responding to an inquiry by the Fund. The Referee sustained this charge, excluding the allegation of dishonesty.

Finally, charge VIII alleges respondent violated DR 1-102 (A) (5) and (6) by failing to cooperate with petitioner. The Referee sustained this charge.

We find that the record fully supports the findings and conclusions of the Referee in sustaining charges I, III, V, VII, VIII, and five of the specifications contained in charge IV. Charge III and charge VIII were admitted. Additionally, respondent admitted the allegations of charge I that he wrongly notarized a client's signature, and that he signed the client's

name to a release and settlement check. Respondent's claim that he was authorized by the client to sign her name was denied by the client and properly rejected by the Referee as unsubstantiated by the record.

As to charge IV and charge V, documentary evidence in the form of respondent's ledger, bank statements and canceled checks, as well as respondent's own testimony, demonstrates a complete disregard on respondent's part of any distinction between his own funds and those of his clients, as well as of the proper accounting techniques necessary for compliance with the court's rule governing the maintenance of escrow accounts (22 NYCRR 806.18). Although we concur with the Referee's decision to sustain these charges, we would also sustain the sixth specification of charge IV which is supported by the evidence presented.

Charge VII was established by documentary evidence in the form of a letter to the Client's Security Fund from respondent stating that petitioner had investigated a matter and found it meritless when in fact petitioner had issued respondent a letter of caution concerning the matter. This charge was therefore properly sustained.

While we concur with the Referee's decision not to sustain charge II, we conclude that charge VI, alleging that respondent violated DR 9-102 (B) (4) by failing to remit client funds until petitioner initiated an investigation, should be sustained. The Referee found that, while the basic allegations were true, respondent's inaction was essentially irrelevant in that the client involved was difficult and probably would not have accepted the money if offered since it was not the full amount the client believed was due. We conclude that the client's actions do not excuse respondent's admitted failure to act promptly to resolve the matter.

It is clear from this record that respondent is guilty of serious misconduct, especially his unauthorized signing of a client's name, his false notarization of a document, his total disregard of the rules regarding escrow funds and his failure to cooperate with petitioner. Such conduct cannot be condoned, even though, as found by the Referee, it lacked the element of dishonesty.

In mitigation, respondent testified that prior to and during the time that the actions underlying the charges took place, he was beset by serious personal problems, including the breakup of his marriage of 18 years and the embezzlement of thousands of dollars from an office account by a bookkeeper

employed by him. According to the Referee, these personal difficulties caused respondent to resort to alcohol abuse "resulting in conspicuous change in his personality, a marked reduction in his capacity to fulfill the professional duties and responsibilities of his law office [and] a depreciation of the quality of [his] performance as a lawyer and as a member of society." The Referee thus concluded that respondent's personal problems were a significant factor in his misconduct and we discern no basis upon which to disagree with this finding. We would also agree that respondent's conduct does not appear to have been motivated by greed or self-interest and note that none of the clients involved suffered any monetary loss. Finally, we observe that respondent has for many years involved himself in political and civic affairs and a number of affidavits from community leaders attesting to his good character have been submitted on his behalf.

In light of these mitigating circumstances, we conclude that the ends of justice and the interests of the legal profession and public will best be served by the imposition upon respondent of a suspension for a period of one year.

Respondent suspended from the practice of law for a period of one year and until further order of this court, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.