(October 28, 1994)

■ In the Matter of DANIEL T. COXETER and SUSAN J. COXETER, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [620 NYS2d 501] —Per Curiam. Daniel T. Coxeter was admitted to practice by this Court in 1978 and Susan J. Coxeter was admitted to practice by this Court in 1980. They have been partners in the practice of law in Albany since 1981.

By petition dated January 7, 1993, the Committee on Professional Standards charged respondents with failure to limit their business relations with their clients, in violation of the Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20 [a]) and DR 5-104 (A) (22 NYCRR 1200.5 [a]) (charge I), and with an attempt to deceive and mislead petitioner in violation of DR 1-102 (A) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) (charge II).

After four days of hearings, the Referee sustained the charges in a report dated June 3, 1994. Petitioner now moves to confirm and respondents move to disaffirm the report.

Respondents accepted (and may have elicited) a $50,000 loan from a long-time family friend, Jaap Penraat, who they perceived as a worldly and sophisticated, albeit retired, architect and businessman. They used the money to help buy and renovate a small office building in Albany according to Mr. Penraat's architectural and design plans. Because the record can sustain findings that respondents and Mr. Penraat enjoyed an ongoing attorney/client relationship predating and postdating the loan, that Mr. Penraat could have reasonably expected respondents to exercise their professional judgment for his protection with respect to the loan, and that Mr. Penraat did not consent to the loan after the full disclosure contemplated by DR 5-104 (A), we conclude that respondents violated DR 5-104 (A) by entering into the business transaction. While the full disclosure contemplated by DR 5-104 (A) is not defined therein, we take this opportunity to re-emphasize that, if an attorney intends to accept a loan from a client, the attorney should explain to the client the importance of obtaining independent counsel and insist on memorialization of the loan terms. Respondents admittedly did not suggest to Mr. Penraat that he obtain the advice of independent counsel and the loan terms were not set forth in writing.

We further conclude that respondents did not violate DR 5-101 (A). Respondents' exercise of professional judgment on behalf of Mr. Penraat in personal matters after the loan was accepted does not appear to have been affected by the loan arrangement. Mr. Penraat complained to the disciplinary authorities because respondents did not make payments on the loan as he expected. It does appear respondents have paid more than $7,000 in principal and interest on the loan.

We confirm the Referee's conclusion that respondents attempted to mislead petitioner with respect to their knowledge that Mr. Penraat intended to use credit card accounts to fund the loan.

We note that respondents enjoy an unblemished disciplinary record and they do not deny their obligation to repay the subject loan in full.

To deter similar misconduct and to protect the reputation of the Bar, we find that respondents should be, and hereby are, censured (see, e.g., Matter of Pacor, 87 AD2d 392).

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr.,

JJ., concur. Ordered that the Referee's report is confirmed insofar as it sustained that portion of charge I which accused respondents of violating DR 5-104 (A) and charge II; it is disaffirmed insofar as it sustained that portion of charge I which accused respondents of violating DR 5-101 (A); the motions by petitioner and respondents are accordingly granted and denied; and it is further ordered that respondents be, and hereby are, censured.