■ In the Matter of BARRY M. SCHREIBMAN, an Attorney and Counselor-at-Law, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [621 NYS2d 153] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department in 1984. He resides in Stone Ridge, Ulster County, and is employed full time as chief attorney for environmental matters for the New York State Thruway Authority.

Petitioner, the Committee on Professional Standards, by petition dated May 9, 1994, accused respondent of conversion of client funds (charge I) and commingling personal funds with those of his clients (charge II).

After a hearing, a Referee appointed by this Court sustained the charges as specified in the petition. Petitioner moves to confirm the Referee's report. Respondent does not oppose the motion.

In 1992, respondent handled a real estate closing for a neighbor who was selling a co-operative apartment in New York City. When, in June 1992, respondent received a check for $7,000 from the purchaser's attorney as a down payment on the co-op, he deposited the check, minus some fees, in his personal checking account which he normally used to deposit his paychecks from the Thruway Authority and write checks for household expenses. Respondent did not maintain an

escrow account and handled only an occasional matter as a private practitioner. He did not maintain a private law office, have private law office letterhead, maintain a telephone listing for the practice of law, or display a sign at his residence or elsewhere holding himself out as an attorney. Between the date of deposit of the down payment and the closing in August 1992, the balance in respondent's checking account fell below the amount he was supposed to be maintaining on behalf of his client. At times, even taking into account a $5,000 cash reserve or overdraft privilege attached to the account, the total amount of funds available to respondent from the checking account fell below the amount he should have been maintaining on behalf of his client. When respondent wrote a check for $6,500 on his personal checking account to his client in August 1992 as part of the closing, he utilized $3,661.44 of his cash reserve. The $6,500 represented the original down payment minus fees due respondent. Although the checking account was interest bearing, respondent did not credit his client with the small amount of interest that had accrued on the deposited down payment. The above facts, which are not disputed, support the charge of conversion, albeit unintentional and without venal motive, and the charged violations of the Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) and DR 9-102 (22 NYCRR 1200.46) (which, in part, requires attorneys to deposit client funds into separate escrow accounts) (see, e.g., Matter of Abbott, 191 AD2d 899, 900; Matter of Frankel, 123 AD2d 468). During the time period the down payment was on deposit in the checking account, respondent also, on numerous occasions, deposited personal funds into the checking account, thereby engaging in commingling, which is specifically prohibited by the Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Although respondent is guilty of misconduct in the handling of his client's funds, we conclude that, because of mitigating circumstances presented, censure is an appropriate sanction. Those mitigating circumstances include respondent's apparent remorse for his misconduct, lack of real harm to the client or profit to respondent, lack of venal motive, a previously unblemished disciplinary record, significant pro bono work, respondent's otherwise good reputation, and the unlikelihood of repetition of misconduct, especially given the very occasional nature of respondent's private practice. Therefore, to deter similar misconduct and to preserve the reputation of the bar, respondent is hereby censured.

Mercure, J. P., White, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent be, and hereby is, censured.