■ In the Matter of MICHAEL RAPHAEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [628 NYS2d 846] —Per Curiam. Respondent was admitted to practice by this Court in 1966. He maintains an office for the practice of law in the City of Amsterdam, Montgomery County.

Respondent has generally admitted to 11 charges of professional misconduct as specified in a petition of charges brought by petitioner, Committee on Professional Standards (specification 2 of charge II has been withdrawn by petitioner).

Respondent's poor office procedures and bookkeeping resulted in extensive commingling of his personal funds with those of his clients, in violation of the Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]) (charge I); allowing the balance of an account containing almost $3,000 of a client's funds to fall below the amount respondent was required to maintain on behalf of the client, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) and DR 9-102 (22 NYCRR 1200.46) (at one point the account had a small negative balance) (charge II); failure to deposit a client's funds into an identifiable escrow account, in violation of DR 9-102 (B) (22 NYCRR 1200.46 [b]) (charge III); failure to maintain complete records of client funds, in violation of DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) and DR 9-102 (C) and (D) (22 NYCRR 1200.46 [c], [d]) (charge IV); improperly issuing some 43 checks payable to cash totalling some $36,850 from two of his attorney escrow accounts, in violation of DR 9-102 (E) (22 NYCRR 1200.46 [e]) (charge V); issuing some 65 checks from various accounts which were returned for insufficient funds, in violation of DR 1-102

(A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) and DR 9-102 (22 NYCRR 1200.46) (charge VI); and failure to properly title two accounts in which he deposited client funds, in violation of DR 9-102 (B) (2) (22 NYCRR 1200.46 [b] [2]) (charge VII). Because we conclude that the evidence does not sustain a finding that respondent's mishandling of funds was prompted by venal intent, we dismiss those portions of charges II and VI accusing him of violating DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Respondent also failed to provide the written statement required by DR 2-106 (D) (22 NYCRR 1200.11 [d]) to at least 13 clients who retained respondent on a contingent fee basis (charge VIII) and failed to provide a client who retained respondent in a domestic relations matter with the statement of client's rights and responsibilities required by section 1200.10-a of the Appellate Divisions' joint disciplinary rules (22 NYCRR 1200.10-a) and the written retainer agreement required by DR 2-106 (C) (2) (B) (22 NYCRR 1200.11 [c] [2] [ii]) (charge IX).

Respondent neglected four legal matters entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (charge X). In two matters, he failed to ensure that his clients were aware of and appeared at scheduled court dates; the matters were nevertheless satisfactorily resolved shortly thereafter. In another matter, the neglected client went to another attorney and respondent refunded her fee. In the fourth matter, the client has retained other counsel but it is not clear whether respondent has refunded her fee or intends to do so.

Finally, respondent has failed to promptly and fully cooperate with petitioner's investigation of client complaints and of respondent's accounts necessitating his examination under oath pursuant to subpoena duces tecum and the issuance of an order to show cause seeking his suspension from the practice of law (charge XI).

In mitigation of his misconduct, respondent notes he suffered a temporarily debilitating stroke during the Labor Day weekend in 1993, that he has elicited the assistance of certified public accountants to set up and supervise a proper system of escrow, office, and personal accounts, and submits a list of his past community and pro bono service.

Respondent has a prior disciplinary record. By decision dated November 8, 1989, we suspended respondent from practice for a period of one year for misconduct similar to the present charges (*Matter of Raphael*, 155 AD2d 712); he was reinstated to practice on June 26, 1991 (*Matter of Raphael*, 174 AD2d 944). This prior suspension for similar misconduct does not instill confidence in respondent's assurances that his misconduct will not recur.

In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be suspended from the practice of law for a period of 18 months.

Cardona, P. J., Mercure, Crew III, Casey and Peters, JJ., concur. Ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition, except insofar as charges II and VI allege violations of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) and petitioner has withdrawn specification 2 of charge II, which allegations and withdrawn specification be and hereby are dismissed; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of 18 months, effective July 22, 1995; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.