[636 NYS2d 804]

In the Matter of RONALD B. LOSNER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 29, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*Simonson & Cohen, P. C.,* Staten Island *(James R. Cohen* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 28 allegations of professional misconduct. Charges Fifteen through

Seventeen were withdrawn by the petitioner during the disciplinary proceeding. The Special Referee sustained 21 charges and failed to sustain charges One, Four, Eight, and Nine. The petitioner moves to confirm the Special Referee's report by sustaining the 21 charges that were sustained by the Special Referee and imposing such discipline as this Court deems appropriate. The respondent cross-moves to disaffirm the Special Referee's report and to dismiss the 21 charges that were sustained by the Special Referee or, in the alternative, to remit the matter to another Special Referee for a new hearing.

Charge Two alleges that the respondent engaged in conduct involving dishonesty and misrepresentation. In or about 1991, the respondent agreed to represent clients in their purchase of a home. The respondent was aware that his clients were relying upon Thomas A. Neely, Jr., a credit specialist and mortgage broker, to arrange the financing for the purchase. They entered into a contract of sale to purchase that property in or about November 1991. Pursuant to the contract of sale, the clients made a down payment of $7,850, which the respondent forwarded to the seller's attorney to be held in escrow.

According to the contract, the down payment would be refunded if good-faith efforts to obtain a mortgage commitment were unsuccessful. In the absence of such efforts, the down payment would be forfeited to the seller. Neely failed to obtain a mortgage commitment. The seller's attorney thereafter notified the respondent that, due to the clients' failure to obtain a mortgage commitment, the down payment would be released to the seller unless the clients could document good-faith efforts to obtain a mortgage commitment. The respondent failed to obtain the necessary documentation from Neely. The respondent misrepresented to the clients that their down payment was being released to the seller without any legal basis when, in fact, he knew the reason for the release. In or about July 1992, the seller's attorney released the down payment to his client due to the respondent's failure to document a good-faith attempt to obtain a mortgage commitment.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

Charge Three alleges that the respondent engaged in conduct involving dishonesty and misrepresentation in that, throughout his representation of the aforementioned clients, he failed to

disclose to them that Neely and his business entities were the subject of an investigation by the New York State Banking Department that was based upon allegations of fraudulent activities. Moreover, the respondent led the clients to believe that a mortgage commitment had been arranged or was imminent when, in fact, no such arrangement had been made.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

Charge Five alleges that the respondent improperly entered into a business transaction with a client. In or about March 1989, a client met with the respondent for the purpose of obtaining legal advice and assistance concerning investments that he was considering. The respondent had previously represented this client in similar transactions. During their March 1989 meeting, the respondent solicited and obtained from the client a personal loan in the sum of $20,000. In return for the loan, the respondent drafted and gave to the client a promissory note for $22,000, to be paid on April 19, 1989. Interest at the rate of 17% per annum would thereafter be charged on any unpaid balance. The respondent failed to disclose to the client that, as lender and borrower, they had differing interests and that the client should not expect the respondent to exercise his professional judgment for the client's protection. The respondent failed to repay the loan, notwithstanding numerous demands to do so by the client.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 5-104 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.23 [a]; 1200.3 [a] [8]).

Charge Six alleges that the respondent improperly communicated with parties that he knew were represented by counsel. On July 6, 1988, the respondent entered into a contract to purchase a home. The title closing was scheduled for August 1988. The sellers were represented by Geoffrey Long, Esq.

On July 8, 1988, the respondent, acting without the knowledge or consent of the sellers' attorney, induced the sellers to deed their property to him, depriving them of the safeguards customarily afforded sellers of real property. The respondent used the deed to obtain a refinancing loan from Greenpoint Savings Bank. The sellers' interests remained unprotected until the title closing, which occurred on or about August 1, 1988.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 7-104 (A) (1) and DR 1-102 (A) (8) (22 NYCRR 1200.35 [a] [1]; 1200.3 [a] [8]).

Charge Seven alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law. In or about May 1991, the respondent rented property that he owned in Boca Raton, Florida, to an individual at a monthly rental of $850. The rental was arranged through Safe Rentals, a Boca Raton agency, acting on the respondent's behalf. Pursuant to the terms of the rental agreement, the lessee made a security deposit and an advance payment of rent totalling $2,550. Florida law required the respondent to either hold the funds in a separate Florida bank account or to post a surety bond and provide the lessee with written notice of the manner in which the funds were being safeguarded. The respondent failed to respond to several requests by the lessee for the written notice to which he was entitled and failed to safeguard the funds as required by law. Prior to the expiration of his lease, the lessee was evicted from the premises when a judgment of foreclosure was entered against the respondent due to the respondent's failure to make mortgage payments. The respondent failed to return the lessee's deposit despite frequent demands to do so.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Ten alleges that the respondent engaged in an improper conflict of interest in connection with his representation of a couple in bankruptcy proceedings. In or about July 1990, these clients consulted with the respondent about financial difficulties they were experiencing, both personally and with their business. The respondent guaranteed to arrange the financing needed to pay off their creditors and introduced the clients to Thomas A. Neely, Jr., a mortgage broker, who was to arrange the long-term financing they needed. In return for his services, the respondent requested a fee of $12,500 to be paid in advance. To pay the respondent's fee, the wife gave Neely a $12,500 mortgage on the clients' residence.

On or about July 17, 1990, the respondent had the clients sign several documents that he had prepared. These included the bankruptcy petition and the mortgage documents. The respondent failed to disclose to the clients his pre-existing relationship with Neely, which was likely to affect the respondent in the exercise of his professional judgment on their behalf.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 5-101 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.20 [a]; 1200.3 [a] [8]).

Charge Eleven alleges that the respondent engaged in illegal conduct involving dishonesty, fraud, deceit, misrepresentation, and moral turpitude. In or about July 1990, the respondent filed a bankruptcy petition on behalf of the clients and their business. The respondent thereafter made numerous false representations to them to the effect that the financing needed to resolve their difficulties had been arranged or was imminent. The respondent obtained $5,000 from the clients on or about November 7, 1990, based upon his false representation that a loan had been arranged and that $5,000 was needed immediately as "point fees" to avoid cancellation of the contract. The loan never materialized and the respondent failed to refund any portion of the $5,000 that he had received from the clients.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (3), (4) and (8) (22 NYCRR 1200.3 [a] [3], [4], [8]).

Charge Twelve alleges that the respondent engaged in illegal conduct involving dishonesty, fraud, deceit, misrepresentation, and moral turpitude. In or about July 1990, the respondent, acting in concert with Neely, induced the clients to make an additional payment of $2,500, based upon the false representation that $2,500 was needed for an appraisal of commercial property that was to be financed. No appraisal was done and no portion of the additional $2,500 was returned to the clients.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (3), (4) and (8) (22 NYCRR 1200.3 [a] [3], [4], [8]).

Charge Thirteen alleges that the respondent engaged in conduct involving dishonesty and misrepresentation in that, throughout his representation of the aforementioned clients, he failed to disclose that Neely and his business entities were the subject of an investigation by the New York State Banking Department that was based upon allegations of fraudulent activities. Moreover, the respondent led the clients to believe that the loans necessary to resolve their financial difficulties had been arranged when, in fact, no such arrangements had been made.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

Charge Fourteen alleges that the respondent knowingly made a false statement of fact when representing a client. In or about April 1991, an individual engaged Thomas A. Neely's services to obtain a mortgage on his behalf. Beginning in or about July 1991, the respondent, as Neely's attorney, repeatedly made the false representation to the client that a mortgage commitment had been obtained for him by Neely. In fact, there had been no such commitment.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 7-102 (A) (5) and DR 1-102 (A) (4) and (8) (22 NYCRR 1200.33 [a] [5]; 1200.3 [a] [4], [8]).

Charge Eighteen alleges that the respondent engaged in an improper conflict of interest. In or about June 1986, the respondent, while representing a couple in bankruptcy proceedings, was retained by them in connection with the sale of their home. In or about the fall of 1987, the respondent referred these clients to Anna Glynn, a sales agent, to locate a buyer for their property. The clients thereafter agreed to sell their home to Ms. Glynn. The respondent prepared a contract of sale and represented the clients at the closing in May 1988. Ms. Glynn was not represented by an attorney at the closing. The respondent failed to disclose to the clients that he had a pre-existing relationship with Ms. Glynn that was likely to affect the respondent in the exercise of his professional judgment on their behalf.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 5-101 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.20 [a]; 1200.3 [a] [8]).

Charge Nineteen alleges that the respondent neglected a legal matter entrusted to him. Following the closing on or about May 13, 1988, the respondent failed to provide the clients with a closing statement, notwithstanding their repeated demands for one.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) and DR 1-102 (A) (8) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [8]).

Charge Twenty alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law. In or about November 1987, the respondent was retained to represent a client in bankruptcy proceedings. The respondent thereafter failed, on numerous occasions, to respond to communications from the client pertaining to her bankruptcy.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Twenty-one alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law. In or about June 1990, the respondent was retained to represent a client in matrimonial proceedings and in connection with the sale of her home. The respondent thereafter failed, on numerous occasions, to respond to communications from the client.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Twenty-two alleges that the respondent engaged in conduct prejudicial to the administration of justice. From approximately May 1990 to July 1992, the respondent failed to properly register as an attorney with the Office of Court Administration.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), Judiciary Law § 468-a, and 22 NYCRR 118.1.

The supplemental petition dated June 9, 1994 contains an additional six charges of professional misconduct against the respondent.

Charge Twenty-three alleges that the respondent neglected a legal matter entrusted to him. In or about May 1987, the respondent was retained by the defendants in a civil action commenced by the Marine Midland Bank, N.A. (hereinafter Marine Midland), pending in the New York City Civil Court, Richmond County. Marine Midland filed a motion for summary judgment, which was returnable on or about May 11, 1987. Although he was not yet the attorney of record for the defendants, the respondent informed counsel for Marine Midland that one of the defendants had filed for bankruptcy. Summary judgment, which was granted in favor of Marine Midland on May 22, 1987, was thereafter vacated based upon the defendants' *pro se* order to show cause alleging invalid service of process.

On or about July 22, 1987, counsel for Marine Midland informed the respondent that the pending motion for summary judgment would be withdrawn, suggested discussing a resolution of the case, and advised the respondent that once he filed his notice of appearance the case would be transferred from the *pro se* calendar to the general calendar. The respondent failed to file a notice of appearance or to communicate with opposing counsel. The respondent also failed to appear at a scheduled deposition. Upon the respondent's failure to respond to Marine Midland's motion to strike the answer, the motion was granted and a judgment was entered in favor of Marine Midland.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) and DR 1-102 (A) (8) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [8]).

Charge Twenty-four alleges that the respondent engaged in conduct reflecting adversely upon his fitness to practice law. After the aforementioned clients relocated to Pennsylvania in or about September 1987, the respondent failed to communicate with them and to keep them informed of the status of their case although he had been provided with their new telephone number and address.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Twenty-five alleges that the respondent failed to promptly deliver to the aforementioned clients property in the respondent's possession that they were entitled to receive. After the clients retained new counsel on or about September 3, 1992, the clients and their new attorney requested, on several occasions, that the respondent provide them with their case file. The respondent failed to comply with those requests until after a complaint of professional misconduct had been filed against him on or about November 24, 1993.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (C) (4) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [c] [4]; 1200.3 [a] [8]).

Charge Twenty-six alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law. During the spring of 1993, the respondent used the services of Majors Travel and Tour, a travel agency, and paid for those services with a check that was dishonored when presented for payment. Majors Travel and Tour obtained a judgment against the respondent in the amount of $1,701.58, the amount of the dishonored check plus interest and disbursements, in the New York City Civil Court, Richmond County, on or about September 9, 1993. Notwithstanding numerous demands for payment, the respondent failed to satisfy the judgment until after a complaint of professional misconduct had been filed against him on or about November 8, 1993.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Twenty-seven alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law. Be-

tween approximately January 27, 1993 and August 22, 1993, the respondent issued six checks to Majors Travel and Tour as payment for services rendered. Those checks were dishonored when presented for payment.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Twenty-eight alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law by failing to satisfy the following judgments entered against him in Richmond County:

1. A judgment in favor of the New York State Department of Taxation and Finance rendered on or about April 12, 1988, in the sum of $1,550.68, with additional interest of 7.20% per annum;

2. A judgment in favor of the New York State Department of Taxation and Finance rendered on or about September 5, 1989, in the sum of $4,002.95, with additional interest of 10% per annum;

3. A judgment in favor of the New York State Department of Taxation and Finance rendered on or about October 7, 1989, in the sum of $4,057.10, with additional interest of 7% per annum;

4. A judgment in favor of Armstrong Gardens Condominium rendered on or about February 11, 1990, in the sum of $2,395.18;

5. A judgment in favor of Armstrong Gardens Condominium rendered on or about July 12, 1990, in the sum of $3,574.10;

6. A judgment in favor of Armstrong Gardens Condominium rendered on or about June 24, 1991, in the sum of $1,865.52;

7. A judgment in favor of Kiamesha Concord, Inc., rendered on or about February 20, 1991, in the sum of $1,169.74;

8. A judgment in favor of the New York State Department of Labor, Unemployment Insurance Division, rendered on or about January 15, 1992, in the sum of $1,342.47;

9. A judgment in favor of Gateway State Bank, rendered on or about May 24, 1993, in the sum of $815.27.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced and her assessment of the witnesses' credibility, we find that the Special Referee properly

sustained the foregoing 21 charges. Accordingly, the petitioner's motion to confirm is granted, and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration that, aside from alleged financial difficulties, the respondent offered no evidence of mitigating circumstances. He has denied the allegations of misconduct and has attempted to interpret the facts to his own advantage. The respondent's wrongdoing covers a period of approximately seven years commencing in or about June 1986. The respondent's prior discipline includes a reprimand by the Grievance Committee for the Second and Eleventh Judicial Districts, dated April 17, 1986, which is based upon the respondent's handling of a loan in connection with the bankruptcy of a client. The reprimand was based on misconduct similar to that established at this disciplinary proceeding, i.e., false and misleading statements and conflicts of interest. The respondent was also issued a letter of caution on May 20, 1986, for neglecting a legal matter and for failing to respond to a client's inquiries and requests for documents. In view of the multiplicity of the complaints against the respondent, the repetitive pattern of his misconduct, the animosity engendered among his aggrieved clients, and his prior disciplinary history, the respondent is disbarred.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ronald B. Losner, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ronald B. Losner, is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority,

(3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.