In the Matter of ROBERT A. MACKINNON, an Attorney and Counselor-at-Law, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [637 NYS2d 321] —Per Curiam. Respondent was admitted to practice by this Court in 1953. He maintains an office for the practice of law in the City of Kingston, Ulster County.

By petition dated May 22, 1995, petitioner, the Committee on Professional Standards lodged four charges of professional misconduct against respondent. After respondent answered the petition and entered into a stipulation of facts and exhibits with petitioner, we granted petitioner's motion for an order declaring that the pleadings raised no factual issues *(see,* 22 NYCRR 806.5).

As set forth in charge I and the stipulation, respondent's escrow account balance fell below the amount he should have maintained on behalf of his clients on three occasions in 1994; the deficiency amounts were $5,676.85, $199.30, and $5,068.93. Respondent also improperly commingled client and personal funds in his escrow account by using it to hold deposits from and issue checks on behalf of two corporations in which respondent held a controlling ownership interest. As set forth in charge II, respondent failed to maintain adequate books and records for his client escrow account. Charge III, in four specifications, alleges that respondent failed to limit his business relations with his clients, in violation of Code of Professional Responsibility DR 5-101 (A); DR 5-104 (A) and DR 5-105 (A) and (B) (22 NYCRR 1200.20 [a]; 1200.23 [a]; 1200.24 [a], [b]). We sustain specifications 1 and 3 insofar as they allege that respondent on two occasions made loans to clients without the full disclosure required by DR-104 (A) (22 NYCRR 1200.23 [a]), i.e., at least explaining to the clients the benefits and importance of obtaining independent counsel or other disinterested advice before accepting the loan *(see, e.g., Matter of Coxeter,* 208 AD2d 1178). We find, however, that the loans did not violate DR 5-101 (A) and DR 5-105 (A) and (B) (22 NYCRR 1200.20 [a]; 1200.24 [a], [b]). Petitioner has not shown the required adverse effect of the loans upon respondent's exercise of professional judgment. We dismiss specification 2 because petitioner has not refuted respondent's contention that no attorney/client relationship existed at the time of the loan between respondent and the loan recipient. We dismiss specification 4 which simply alleges that respondent referred real estate clients to an abstract firm he controlled. An attorney may

perform abstract work for a real estate client without necessarily becoming involved in impermissible conflicts of interest. We also dismiss charge IV, which alleges that respondent attempted to mislead and deceive petitioner. The specified statements by respondent were inaccurate but have not been shown to be intentionally so. As part of its motion for an order declaring that the pleadings raised no factual issues, petitioner withdrew those portions of charges I and IV alleging violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), which prohibits attorneys from engaging in "conduct involving dishonesty, fraud, deceit, or misrepresentation".

We note the following in mitigation of respondent's professional misconduct. First, there is no evidence of actual client harm. Second, the escrow account deficiencies and commingling appear the result of poor bookkeeping and a misperception of the permissible use of an escrow account rather than any venal motive. Third, by retaining an accountant, respondent has taken an affirmative step to insure future proper maintenance of his escrow account. Finally, respondent enjoys an unblemished disciplinary record and, as evidenced by several letters submitted on his behalf, a good professional and personal reputation in his community.

In view of the above we conclude that respondent should be censured (see, e.g., Matter of Barnes, 198 AD2d 665; Matter of Frankel, 123 AD2d 468).

Cardona, P. J., Mikoll, Crew III, White and Yesawich, Jr., JJ., concur. Ordered that respondent be and hereby is censured.