(September 30, 1998)

■ In the Matter of WILLIAM P. SULLIVAN, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [678 NYS2d 169] —Per Curiam. Respondent was admitted to practice by this Court in 1968 and maintains a law office in Ithaca.

After a hearing, the Referee issued a report sustaining charges by petitioner, the Committee on Professional Standards, that respondent violated various disciplinary rules during his representation of a client, failed to comply with the rules governing escrow accounts and the handling of client funds, and failed to cooperate with petitioner. Petitioner moves to confirm the report. Respondent opposes the motion.

A pet store business owned by respondent accepted a $30,000 loan from his elderly client in 1992. Respondent did not advise her to obtain independent counsel regarding the loan, in violation of the full disclosure required by the disciplinary rules (*see,* Code of Professional Responsibility DR 5-104 [A] [22 NYCRR 1200.23 (a)]; *Matter of MacKinnon,* 223 AD2d 807). The terms of the loan were adequately memorialized in a document drawn by respondent. He had known the client all of his life and he was a natural object of her bounty. It appears that she wanted to make a gift of the moneys but respondent insisted on the loan. A few monthly loan payments were made before the store closed due to insolvency in 1996. The bulk of the loan remains unpaid. The client died in August 1994. Respondent also neglected to file the client's tax returns for three years but did make the required estimated tax payments on her behalf (*see,* DR 6-101 [A] [3] [22 NYCRR 1200.30 (a) (3)]). In addition, respondent bought some stock for the client in 1992 but it was issued in his name. He thereafter failed to have the stock reissued in his client's name or formally assigned to her until he delivered the stock to her estate's attorney in 1995 (*see,* DR 6-101 [A] [3] [22 NYCRR 1200.30 (a) (3)]). He failed to promptly deposit several dividend checks he received on the stock into his escrow account and failed to deposit several other such dividend checks which he eventually delivered to the estate (*see,* DR 9-102 [B], [C] [22 NYCRR 1200.46 (b), (c)]). The Referee did not sustain a charge that respondent failed to respond to communications from the estate's attorney and administratrix.

It appears from the record that respondent has mishandled his escrow account and client funds over the years, especially from February 1992 to January 1996, the period investigated by petitioner. He technically converted client funds by repeatedly drawing checks on his escrow account to pay client expenses before he made deposits to the account to cover such disbursements and by repeatedly allowing the balance of the escrow account to fall below the balance he should have maintained on behalf of his clients (*see,* DR 1-102 [A] [5], [8]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (8); 1200.46]). He is also

guilty of commingling by his deposits of personal funds into the escrow account and by his deposits of legal fees into the account and his failure to withdraw the fees within a reasonable time after they had been earned (*see*, DR 1-102 [A] [5], [8]; DR 9-102 [A] [22 NYCRR 1200.3 (a) (5), (8); 1200.46 (a)]). Respondent failed to maintain adequate books and records for his escrow account (*see*, DR 1-102 [A] [5], [8]; DR 9-102 [C], [D], [H], [I] [22 NYCRR 1200.3 (a) (5), (8); 1200.46 (c), (d), (h), (i)]). His lack of proper records, especially a ledger book, hampered his ability to comply with petitioner's request that he reconstruct account deposits and withdrawals and identify the ownership of funds and deposits to the account. Finally, on a number of occasions, respondent failed to promptly deposit funds he received from or on behalf of clients (*see*, DR 9-102 [B], [C] [22 NYCRR 1200.46 (b), (c)]; *see generally*, *Matter of Chariff*, 221 AD2d 719; *Matter of Raphael*, 216 AD2d 788).

We confirm the Referee's conclusion that none of the above misconduct was motivated by venality and that it did not result in client harm, with the possible exception of the estate of his elderly client.

Respondent did not give petitioner the prompt, full, and forthright cooperation to which it is due (*see*, DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]; *Matter of Feit*, 156 AD2d 810, 811). He did eventually comply with petitioner's inquiries but his cooperation was characterized by numerous requests for extensions of time to reply and significant delays in providing substantive responses and requested documentation. Petitioner had to resort to two subpoenas directing respondent to appear for examinations under oath and to produce listed documentation.

Respondent is a former District Attorney for Tompkins County. He has maintained a practice in Ithaca specializing in criminal defense work since 1975. He has been very active in professional and community activities, especially the assigned counsel plan for which he has taken many difficult cases and represented unpopular clients. Several Judges and lawyers provided effusive character testimony on respondent's behalf before the Referee.

In view of all of the above, we conclude that respondent should be suspended from practice for a period of two years; however, we stay the suspension upon condition respondent submit semiannual reports to petitioner from a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in accordance with applicable provisions of this Court's disciplinary rules (22 NYCRR

part 1200). Any failure to meet said condition shall be reported by petitioner to this Court. After expiration of the two-year period of suspension, respondent may apply to this Court for termination thereof; any such application shall be supported by proof of passage of the Multistate Professional Responsibility Examination and shall be served upon petitioner, which may be heard thereon (*see, e.g., Matter of Hayes*, 238 AD2d 668).

Mercure, J. P., White, Peters, Spain and Graffeo, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in charge I of the petition only insofar as the charge alleged violation of DR 5-104 (A) (22 NYCRR 1200.23 [a]); in charge II; in charge III only insofar as the charge alleged violation of DR 1-102 (A) (5), (8) and DR 9-102 (A) (22 NYCRR 1200.3 [a] [5], [8]; 1200.46 [a]); and in charges IV, V, VII, and VIII; he is found not guilty of charge VI; and it is further ordered that the motions to confirm and disaffirm the Referee report are granted and denied in accordance with said findings of guilt; and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately; and it is further ordered that the suspension ordered herein is stayed upon condition that respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of this Court's disciplinary rules (22 NYCRR part 1200); and it is further ordered that after expiration of the two-year suspension period, respondent may apply for termination thereof, such application to be served on petitioner and supported by documentation that respondent has taken and passed the Multistate Professional Responsibility Examination within the suspension period.