■ In the Matter of DONALD I. ORSECK and GERALD ORSECK, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [692 NYS2d 766] —Per Curiam. Respondents Donald I. Orseck and Gerald Orseck were admitted to practice by this Court in 1969 and 1957, respectively. They are brothers and partners and maintain an office for the practice of law in Liberty, Sullivan County.

By report dated March 30, 1999, the Referee sustained five of six charges of professional misconduct filed by petitioner, the Committee on Professional Standards, against respondents. Petitioner moves to confirm the Referee's report with respect to the sustained charges and disaffirm the report with respect to the charge not sustained (charge V). Respondents seek to disaffirm the report with respect to specification (4) of charge II. We confirm the Referee's report, except insofar as it sustained the allegations of specifications (1), (2), and (4) of charge II that respondent* converted client funds in violation of the disciplinary rule prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation (Code of Professional Responsibility DR 1-102 [A] [4] [22 NYCRR 1200.3 (a) (4)]).

Under the mistaken belief that a personal injury client had authorized him to use settlement moneys for personal and office expenses so long as he remitted funds to the client upon request, respondent so expended the funds. The client had only authorized respondent to invest his settlement moneys. By entering into the arrangement without any written agreement and without advising the client to consult independent counsel, respondent improperly engaged in a business transaction with a client without full disclosure (*see*, Code of Professional Responsibility DR 1-102 [A] [5]; DR 5-104 [A] [22 NYCRR 1200.3 (a) (5); 1200.23 (a)]; *see, e.g.*, *Matter of Chariff*, 221 AD2d 719; *Matter of Coxeter*, 208 AD2d 1178; *Matter of Hardy*, 172 AD2d 866).

Respondent's handling of his firm's escrow account also violated various disciplinary rules (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8]; DR 9-102 [22 NYCRR

---

* Unless otherwise noted, "respondent" refers to Donald I. Orseck.

1200.3 (a) (5), (8); 1200.46]). After making deposits on behalf of three clients, including the client whose money he was supposed to invest, the balance in the escrow account each time fell below the amount respondents were required to maintain on behalf of their clients (*see, e.g., Matter of Joseph*, 223 AD2d 999; *Matter of Raphael*, 216 AD2d 788; *Matter of Schreibman*, 211 AD2d 836). Respondent violated the rule against commingling by making deposits of personal and non-client funds into the firm's escrow account and by not withdrawing legal fees deposited into the account within a reasonable period of time after they were earned (*see, e.g., Matter of Sullivan*, 253 AD2d 999). Respondent issued a check from the escrow account against insufficient funds (*see, e.g., Matter of Chariff, supra; Matter of Bartholomew*, 195 AD2d 753) and failed to properly title the account in accordance with Code of Professional Responsibility DR 9-102 (B) (2) (22 NYCRR 1200.46 [b] [2]; *see, e.g., Matter of Van De Loo*, 240 AD2d 940; *Matter of Holsberger*, 223 AD2d 920).

Aware that the New York State Insurance Fund had asserted a lien against a client's funds on deposit in the escrow account, respondent nevertheless converted the moneys to pay respondent's personal income tax obligations (specification [3] of charge II) (*see*, Code of Professional Responsibility DR 1-102 [A] [4], [5], [8]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (8); 1200.46]).

It does not appear that respondent intended to permanently convert client funds and he has made restitution where appropriate, albeit after petitioner's inquiry began. No client appears to have suffered any monetary loss.

Respondent is primarily responsible for the instant professional misconduct while respondent Gerald Orseck, who has denied contemporaneous knowledge of the misconduct, is responsible therefor by virtue of being his brother's law partner (*see, e.g.*, Code of Professional Responsibility DR 1-104 [D] [2] [22 NYCRR 1200.5 (d) (2)]).

Respondents enjoy a good reputation for competence and integrity in their legal community. Respondent has played an important role in an organization of national stature dedicated to helping children suffering from cancer and their families. Both respondents have been the subject of cautions and admonitions by petitioner, and respondent Gerald Orseck was suspended from practice in 1981 for six months (*Matter of Orseck*, 81 AD2d 962).

Under the circumstances presented, we conclude that respondent Donald I. Orseck should be suspended for a period of

eighteen months (*see, e.g., Matter of Raphael, supra*) and respondent Gerald Orseck should be censured.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that respondents are found guilty of the professional misconduct set forth in charges I, III, IV, and VI of the petition and as set forth in charge II except insofar as it alleges violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) with respect to specifications (1), (2), and (4) thereof; respondents are found not guilty of charge V; the motions to confirm and disaffirm the Referee's report are granted and denied accordingly; and it is further ordered that respondent Gerald Orseck is censured; and it is further ordered that respondent Donald I. Orseck is suspended from practice for a period of eighteen months, effective twenty (20) days from the date of this order, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent Donald I. Orseck is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk, or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent Donald I. Orseck shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.