(August 31, 1999)

■ In the Matter of WILLIAM P. SULLIVAN, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [694 NYS2d 529] —Per Curiam. Respondent was admitted to practice by this Court in 1968 and maintains an office for the practice of law in Ithaca.

We grant the motion by petitioner, the Committee on Professional Standards, to confirm a Referee's report issued after a hearing and we find respondent guilty of having engaged in a conflict of interest by the circumstances of a loan from a client, in violation of Appellate Division attorney disciplinary rules (see, Code of Professional Responsibility DR 1-102 [A] [5]; DR 5-104 [A] [22 NYCRR 1200.3 (a) (5); 1200.23 (a)]).

In May 1993, respondent accepted a loan for $29,000 from a client who expected him to exercise professional judgment with respect to the loan for her protection. However, the loan was not disclosed to any third party; respondent drew the note which was made payable upon demand and contained no other payment schedule; respondent made no loan payments while the client was alive (she died in December 1994); the client was not represented by independent counsel although respondent advised her she could consult same; and the loan was not collateralized. (See, e.g., Matter of Orseck, 262 AD2d 862; Matter of Sullivan, 253 AD2d 999; Matter of Chariff, 221 AD2d 719; Matter of Coxeter, 208 AD2d 1178; Matter of Hardy, 172 AD2d 866; Matter of Resseguie, 138 AD2d 887; Matter of Sherbunt, 134 AD2d 723.)

In mitigation, it appears that respondent was a natural bounty of the client's largess and that he has taken steps to repay the loan.

In view of the above, we conclude that the suspension imposed upon respondent by our September 1998 decision should be extended from two to three years and the stay thereof be continued upon the same conditions set forth therein (see, Matter of Sullivan, 253 AD2d 999, supra).

Mercure, J. P., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is found guilty of violating Code of Professional Responsibility DR 1-102 (A) (5) and DR 5-104 (A) (22 NYCRR

1200.3 [a] [5]; 1200.23 [a]) as charged in the petition; and it is further ordered that the period of respondent's suspension imposed by decision dated September 30, 1998, is extended from two to three years, and the stay of the extended suspension is continued upon the same conditions set forth in said decision (*Matter of Sullivan*, 253 AD2d 999, *supra*).