■ SETIRI SPIRO SOTIRIOU, Appellant, v GEORGE BILLIS et al., Respondents. [782 NYS2d 917]—

In an action to foreclose a mortgage, plaintiff appeals from a judgment of the Supreme Court, Queens County (Sherman,

J.H.O.), entered January 23, 2004, which, after a nonjury trial, dismissed the complaint and vacated the notice of pendency filed against the mortgaged premises.

Ordered that the judgment is affirmed, with costs.

The trial record supports the conclusion of the Judicial Hearing Officer that the plaintiff, an attorney at the time of the underlying loan transaction, failed to provide full disclosure to his client, the defendant George Billis, regarding the parties' divergent interests as borrower and lender, the potential for conflict, and the consequences of a default by Billis, including the possible loss of the mortgaged property at issue. When coupled with the plaintiff's failure to advise Billis to consult with independent counsel regarding the $30,000 loan, as required by Disciplinary Rule 5-104 (a) of the Code of Professional Responsibility as it existed at the time of the transaction (*see* 22 NYCRR 1200.23; *Beltrone v General Schuyler & Co.*, 252 AD2d 640 [1998]), the plaintiff's failure to provide full disclosure to Billis precludes the plaintiff from availing himself of the equitable remedy of foreclosure to enforce the contract (*see Schlanger v Flaton*, 218 AD2d 597 [1995]; *Forest Park Assoc. Ltd. Partnership v Kraus*, 175 AD2d 60 [1991]; *see also Greene v Greene*, 56 NY2d 86 [1982]; *Matter of MacKinnon*, 223 AD2d 807 [1996]; *Matter of Losner*, 217 AD2d 376 [1995]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.