■ In the Matter of JOHN T. WILKINS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [895 NYS2d 552]—

Per Curiam. Respondent was admitted to practice by this Court in 1984 and maintains a law office in the Village of Lake Placid, Essex County.

Petitioner moves and respondent cross-moves to confirm a Referee's report as to those charges and specifications that the Referee sustained.

We grant the parties' motions and find respondent guilty of the following professional misconduct as charged in the petition. Respondent accepted employment when the exercise of his professional judgment on behalf of his client was or reasonably could have been affected by his own financial, business, property or personal interests, without consent of the client and full disclosure (*see* former Code of Professional Responsibility DR 5-101 [a] [22 NYCRR 1200.24 (a)]);* entered into a business transaction with a client when he and the client had differing interests therein, without the consent of the client after full disclosure (*see* former Code of Professional Responsibility DR 5-104 [a] [22 NYCRR 1200.23 (a)]); failed to adequately supervise his employee as to client funds deposited into his escrow account (*see* former Code of Professional Responsibility DR 1-104 [c], [d] [2] [22 NYCRR 1200.5 (c), (d) (2)]); and failed to provide notice of receipt of funds, maintain complete records of funds and promptly deliver funds (*see* former Code of Professional Responsibility DR 9-102 [c] [1], [3], [4] [22 NYCRR 1200.46 (c) (1), (3), (4)]).

We note the following in mitigation. There does not appear to be any evidence of actual client harm. The violations concerning respondent's escrow account appear to be the result of poor bookkeeping and supervision rather than venal motive. Respondent has taken affirmative steps to ensure future proper main-

* All references are to the former Code of Professional Responsibility, which was in effect prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

tenance of his escrow account and supervision of employees. He has a good professional and personal reputation in the community, as evidenced by several letters submitted on his behalf.

Having considered the factors and circumstances presented, we conclude that respondent should be censured (*see e.g. Matter of MacKinnon*, 223 AD2d 807 [1996]; *Matter of Coxeter*, 208 AD2d 1178 [1994]).

Cardona, P.J., Peters, Spain, Malone Jr. and Garry, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth above; and it is further ordered that petitioner's motion and respondent's cross motion to confirm the Referee's report are granted; and it is further ordered that respondent is hereby censured.