Matter of Guohui Zhang (2025 NY Slip Op 01998)

Matter of Guohui Zhang

2025 NY Slip Op 01998

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

PM-90-25
[*1]In the Matter of Guohui Zhang, an Attorney. (Attorney Registration No. 4418653.)

Calendar Date:March 3, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Foley Griffin, LLP, Garden City (Thomas J. Foley of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and operates an immigration law practice — on the strength of his New York licensure — in San Francisco, California, where he is not admitted. By notice of petition and petition of charges, petitioner has alleged that respondent has engaged in, among other misconduct, a conflict of interest, wherein he employed an immigration client at his own law firm, and illegal conduct that adversely reflects on respondent's honesty, trustworthiness and fitness as a lawyer, including failing to follow California labor law and federal wage and tax law in his employment of the client. Following an adjournment upon respondent's request, respondent joined issue by verified answer, and petitioner filed its statement of disputed/undisputed fact. The parties have now jointly moved to impose discipline upon respondent by consent.
The parties submitted a stipulation of facts and, in his affidavit, respondent conditionally admits to the aforementioned facts, as well as to the four violations of the Rules of Professional Conduct (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.8 [a]; 8.4 [b], [c], [h]). Both parties likewise have provided various factors in aggravation and mitigation and are in agreement that a censure is an appropriate sanction for respondent's conduct. Finally, respondent's affidavit includes his acknowledgement that he is fully aware of the consequences of agreeing to an order of censure, and he likewise admits that he submits the affidavit freely, voluntarily and without any coercion or duress. Given this, we consider the procedural requirements attendant to motions for discipline by consent satisfied and turn to the assessment of the appropriation sanction based on the underlying conduct (see Matter of Sutton, 232 AD3d 985, 986 [3d Dept 2024]; Matter of Toomey, 219 AD3d 1596, 1597 [3d Dept 2023]).
In aggravation, petitioner cites respondent's prior disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a]), specifically an admonition delivered by personal appearance issued in June 2024. The admonition followed petitioner's investigation, wherein it concluded that respondent had engaged in misconduct, including his failure to communicate directly with the client, despite assertions to the contrary to a court, as well failing to disclose a fee-sharing arrangement with another law firm (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.4 [a] [2]; 1.5 [g]; 8.4 [b], [c], [d], [h]). While it does not constitute discipline (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.2 [i]), we also note that a letter of advisement was issued to respondent in October 2021 following his failure to adequately prepare for an immigration hearing; his failure to comply with a client's reasonable request for information; and for charging an improper nonrefundable fee. Petitioner likewise cites the vulnerability of respondent's client, a noncitizen immigrant (see ABA Standards [*2]for Imposing Lawyer Sanctions standard 9.22 [h]) and respondent's illegal conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]), particularly in his attempts to evade California labor law and federal wage and tax laws. Respondent cites many mitigating factors, including the fact that he is a solo practitioner with minimal staff and that, at the relevant time, he was overwhelmed with his caseload, thereby leading to a "lapse in judgment" that included hiring the client. He likewise cites his cooperation with petitioner (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]), his remorse (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]), the unlikelihood of any future misconduct, the fact that no client lost money and that the conduct occurred within a limited period of time.
Given the totality of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession, and to deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we grant the parties' motion and censure respondent (see Matter of Lauletta, 167 AD3d 1225, 1226 [3d Dept 2018]; Matter of Wilkins, 70 AD3d 1119, 1119-1120 [3d Dept 2010]). In issuing this sanction, however, we remind respondent of his obligations to the law, the legal profession and his clients, further noting that, while he asserts that the misconduct at bar occurred within a limited period of time, it has nonetheless graduated to public discipline, and his disciplinary history may aggravate any future reoccurrences of misconduct.
Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.