(April 23, 1990)

■ In the Matter of THOMAS R. SNOW, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. This court previously suspended respondent for a period of one year, effective August 29, 1988, after finding him guilty of professional misconduct *(Matter of Snow,* 142 AD2d 835). In September 1989, respondent filed an application for reinstatement and this court referred the application to petitioner to investigate whether respondent had complied with the order of suspen-

sion and had otherwise properly conducted himself *(see,* 22 NYCRR 806.12 [b]).

At a hearing conducted by petitioner on respondent's reinstatement application, respondent was asked a series of questions concerning one Jerry Castle, whom he had previously represented. In response to such questions, respondent denied having represented Castle or having received any legal fees from him for many years prior to his suspension. This testimony clearly was not true, a fact which respondent has since admitted.

Ultimately, petitioner voted to oppose respondent's application for reinstatement and, in addition, commenced the instant disciplinary proceeding against him based solely upon the factually incorrect testimony regarding Castle given at the reinstatement hearing. By decision dated February 26, 1990, this court granted a motion by petitioner, pursuant to section 806.5 of this court's rules (22 NYCRR 806.5), for an order declaring that no factual issues were raised by the pleadings in the disciplinary proceeding and fixing a time at which respondent could be heard in mitigation or otherwise. Thereafter, respondent, represented by counsel, appeared before the court and was heard on the issue of mitigation.

While we conclude, as alleged by the sole charge of misconduct contained in the petition, that respondent gave factually erroneous testimony before petitioner, we do not discount respondent's present averment that his misstatements were the result of his faulty recollection and were not the product of any intention to mislead petitioner. We perceive no reason for respondent to have perjured himself before petitioner. Having reached this conclusion, we do not find that further disciplinary action against respondent is warranted based upon the instant disciplinary proceeding.

Turning to respondent's pending application for reinstatement as an attorney, we conclude that the deficiencies in complying with section 806.9 (c), (d) of this court's rules (22 NYCRR 806.9 [c], [d]), while not condoned, should not result in denial of the application, particularly in view of the fact that it has now been nearly 20 months since the commencement of respondent's suspension. Accordingly, we grant respondent's application for reinstatement, effective immediately.

Application for reinstatement granted, and Thomas R. Snow reinstated as an attorney and counselor-at-law, effective immediately. Order entered. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.