(November 12, 1993)

■ In the Matter of JAMES E. BARNES, II, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [605 NYS2d 955] —Per Curiam. Respondent was admitted to practice by this Court in 1973. He has maintained an office for the practice of law in Oneida, Madison County.

Petitioner, the Committee on Professional Standards, moves to confirm the Referee's report sustaining charges that respondent mishandled client funds and failed to cooperate with petitioner. Respondent moves to confirm the report in part and to disaffirm it in part.

We confirm the Referee's report to the extent of finding respondent guilty of gross mismanagement of his escrow account resulting in substantial deficiencies therein, the issuance of bad checks thereon, improper payments on behalf of clients from the account, and violation of the disciplinary rules governing escrow account recordkeeping. The mismanagement also caused delays in his cooperation with petitioner's investigation, which cooperation should have been prompt and complete. There is, however, no proof that the escrow account misconduct actually harmed any clients or resulted in profit to respondent. Indeed, evidence of venal motive underlying respondent's misconduct is lacking.

We disaffirm the report with respect to charge III alleging commingling of personal and client funds in the escrow account. The evidence only shows that respondent made deposits of his own moneys into the escrow account to correct deficiencies and thereupon relinquished any claim to such moneys.

We also disaffirm the report with respect to charge IV which alleged that respondent's failure to deposit certain estate funds into a separate estate account constituted professional misconduct *(see, e.g., Matter of Abbott,* 191 AD2d 899, 900).

In determining an appropriate disciplinary sanction in this matter, we note, as did the Referee, that respondent has been beset with personal problems; that he has an excellent record of community service and has furnished legal service to those who might not otherwise have had access to it; and that Judges and lawyers in his community give him an excellent rating for professional conduct and the importance of his service to the community.

Under all of the circumstances, we conclude that respondent should be censured *(see, e.g., Matter of Frankel,* 123 AD2d 468).

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the Referee's report be and hereby is confirmed with respect to charges I and II (except insofar as they allege violation of DR 1-102 [A] [4] [22 NYCRR 1200.3 (a) (4)]) and V and disaffirmed with respect to charges III and IV; that respondent be and hereby is found guilty of the confirmed charges; that petitioner's motion to confirm the Referee's report and respondent's motion to confirm the report in part and disaffirm it in part are granted in part and denied in part in accordance herewith; and it is further ordered that respondent be and hereby is censured.