(April 29, 1994)

■ In the Matter of MARY ANN SMITH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [612 NYS2d 81] —Per Curiam. Respondent, who was admitted by the Fourth Department in 1983, practiced law in Vestal, Broome County, until September 1991. By decision dated December 1, 1992, respondent was suspended pending consideration of disciplinary charges against her (Matter of Smith, 188 AD2d 673).

Thereafter, the Committee on Professional Standards filed a petition containing nine charges against respondent. Through her answers to the petition and a notice to admit, respondent has admitted to the charges as specified. A hearing in mitigation was held in July 1993 before a Referee appointed by this Court (see, 22 NYCRR 806.5). Petitioner now moves to confirm the Referee's report with respect to the findings in mitigation and to disaffirm the Referee's report with respect to the recommended sanction of a one-year suspension. Respondent has not moved with respect to the report or replied to petitioner's motion.

Respondent is guilty of serious professional misconduct committed over the past several years. She mishandled her escrow account and the proceeds of a real estate closing entrusted to her, neglected various legal matters and failed to respond to communications from clients. Respondent's neglect was aggravated by false statements she made to clients regarding the status of their matters. Perhaps most egregiously, she falsely told a client on whose behalf she had been retained to commence a wrongful termination of franchise action that she had obtained a $500,000 default judgment and even provided the client with a series of fabricated documents including a judgment purportedly signed by a court clerk and an executed court order. Respondent also sought and obtained a personal loan from a former client for $150,000 secured by nothing more than an undated and faxed handwritten note. The former client was not represented by independent counsel

in the transaction. Finally, respondent's inattention to her escrow and personal accounts led to the issuance of checks to clients on insufficient funds on at least five occasions.

The Referee found a number of factors mitigating respondent's misconduct. He noted the opinion of a psychologist who has treated respondent that respondent has struggled with self-esteem and competency issues and that she has suffered numerous stressors which have led her to make poor choices and demonstrate irrational behavior. Finally, the Referee found that respondent had voluntarily ceased practicing law in September 1991, that she had reimbursed clients for their economic losses due to her misconduct from her personal funds, and was remorseful for her conduct.

After considering all of the circumstances, we conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended for a period of three years, effective immediately (see, e.g., Matter of Abbott, 167 AD2d 617).

We also grant the application by respondent's former attorney, Susan E. Rodems, to withdraw as respondent's counsel. It appears that respondent has discharged her and no longer communicates with her.

Mercure, J. P., White, Weiss, Yesawich Jr., and Peters, JJ., concur. Ordered that the application of Susan E. Rodems to withdraw as respondent's counsel be and the same hereby is, granted; and it is further ordered that petitioner's motion to confirm the Referee's report with respect to the findings in mitigation is granted; and it is further ordered that, respondent is hereby suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and she hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that, respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.