(January 22, 1996)

■ In the Matter of CARL E. HOLSBERGER, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [637 NYS2d 322] —Per Curiam. Respondent was admitted to practice by this Court in 1982. He maintains an office for the practice of law in Schenectady.

Respondent has admitted the charges and specifications contained in a September 1995 petition brought by the Committee on Professional Standards alleging professional misconduct. He has provided some explanatory and mitigating information in his answer to the petition.

Respondent has neglected various legal matters entrusted to him by his clients, in violation of the Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). He commenced an action in early 1990 against a realty company on behalf of clients who sought monetary damages for injuries allegedly caused by the filing of an improper lis pendens against their real property. Respondent has not proceeded further in the matter since April 1990. In April 1992, respondent agreed to pursue a medical malpractice claim on behalf of a client but failed to proceed. He claims he made a referral of the matter to a Florida attorney. Another client retained respondent in March 1990 to represent her in an employment discrimination claim against the United States Postal Service; he admits he failed to proceed in the matter but claims the client has been restored to her employment. Yet another client retained respondent in the fall of 1989 to pursue a claim for personal injuries she allegedly sustained in an automobile accident and to press a separate medical malpractice claim; about four years later the client retained respondent to represent her in a divorce action. Except for having the client sign authorizations for medical records and preparing a separation agreement, respondent failed to otherwise proceed in the matters. Finally, during the course of representing a buyer of real property in 1993, respondent agreed to record the deed and

mortgage but never did so and did not return the documents to the sellers' attorney until February 1995. Respondent claims his client never intended to and did not consummate the real estate transaction.

Respondent misled and deceived his clients about the status of their cases and admits he did so in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), which prohibits a lawyer from engaging in conduct "involving dishonesty, fraud, deceit, or misrepresentation". With respect to the claim against the realtor, respondent falsely reported settlements and on numerous occasions brought his client to wait outside the chambers of a Supreme Court Justice while non-existent settlement conferences supposedly went on inside. Respondent supported the purported settlement by issuing five checks to the client from his escrow and personal checking accounts and advised the client the checks represented settlement proceeds; at the times he issued the checks respondent knew there were insufficient funds in his accounts to cover them. One purported settlement check for $87,650 was returned for insufficient funds. He told other clients of non-existent court calendar dates and even advised one client to appear in court at such times. He falsely told the seller's attorney in the real estate matter that he had filed the deed and mortgage.

Respondent engaged in a conflict of interest in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) and DR 5-105 (22 NYCRR 1200.10) by representing clients in negotiating and preparing the supporting documents for a loan from other clients respondent had represented in other financial transactions at about the same time.

Respondent has violated various disciplinary rules governing the handling of client funds by attorneys. He wrote a check on his escrow account payable to cash in the amount of $5,000 in violation of DR 9-102 (E) (22 NYCRR 1200.46 [e]). In violation of DR 9-102 (B) (2) respondent failed to properly title an account he maintained as a depository for clients' funds as an attorney special account, attorney trust account, or attorney escrow account. In violation of DR 1-102 (A) (5) and (8) and DR 9-102 (C) and (D), respondent failed to maintain accurate, adequate and complete books and records of his clients' funds.

In violation of DR 5-103 (B) (22 NYCRR 1200.22 [b]), on five occasions between November 1992 and June 1993, respondent issued checks to a client totalling $3,000 as advancements on any proceeds she might receive upon the settlement of her divorce.

Finally, from September 1994, when petitioner first sent re-

spondent an inquiry letter, through August 1995, respondent failed to cooperate fully and promptly with petitioner's investigation. He failed to timely answer letters from petitioner and failed to completely and timely submit financial documents and records.

Respondent has had an unblemished disciplinary record. However, he has engaged in a disturbing and serious pattern of professional misconduct involving, among other things, neglect of client matters, misleading clients in purposeful and complicated ways, and mishandling client funds in violation of various disciplinary rules. We conclude that, in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended for a period of three years.

Mercure, J. P., Crew III, White, Casey and Yesawich, Jr., JJ., concur. Ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent be and hereby is suspended from practice for a period of three years, effective February 22, 1996 and until further order of this Court; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.