(June 15, 1998)

■ In the Matter of JAMES E. BARNES, II, an Attorney and Counselor-at-Law. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; JAMES E. BARNES, II, Respondent. [674 NYS2d 475] —Per Curiam. Respondent was admitted to practice by this Court in 1973. He has maintained a law office in Madison County.

By petition dated October 23, 1997, petitioner, Committee on Professional Standards, brought eight charges of professional misconduct against respondent. Subsequently, this Court entered an order declaring that the petition and respondent's answer raised no factual issues (see, 22 NYCRR 806.5). We find respondent guilty of the charged misconduct which occurred while he was a sole practitioner. Respondent has been heard in mitigation and has been winding down his private practice.

Respondent neglected the cases of six clients, who entrusted a name change and domestic relations matters to him (see, Code of Professional Responsibility DR 6-101 [A] [3] [22 NYCRR 1200.30 (a) (3)]). By being slow to inform the clients that he had closed his private law office and taken a job with the local public defender's office, and by not replying to calls from some of the clients, respondent failed to maintain proper communications with them (see, Code of Professional Responsibility DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]). Respondent failed to promptly refund retainers to three of the clients after they requested same: one client sued respondent for her retainer; he mailed a refund to another client on the day he appeared before petitioner for a hearing (see, Code of Professional Responsibility DR 2-110, DR 9-102 [C] [22 NYCRR 1200.15, 1200.46 (c)]). Respondent failed to obtain a signed statement of client's rights and responsibilities and failed to enter into a written retainer agreement with one of the clients (see, Code of Professional Responsibility DR 1-102 [A] [5] [22 NYCRR 1200.3 (a) (5)]; 22 NYCRR 1200.47, 1400.2, 1400.3). He failed to provide another client with fee arbitration forms (see, Code of Professional Responsibility DR 1-102 [A] [5], [8]; DR 2-106 [E] [22 NYCRR 1200.3 (a) (5), (8); 1200.11 (e)]; 22

NYCRR 1400.7). Finally, he failed to fully cooperate with petitioner and failed to timely pay a $373 stenographic bill as required by this Court's rules (see, 22 NYCRR 806.4 [e]; Code of Professional Responsibility DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]).

Petitioner issued letters of caution to respondent in 1983 and 1989. In 1993, this Court censured him on multiple charges of misconduct (Matter of Barnes, 198 AD2d 665).

Under the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of six months, effective immediately.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court. Ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.