(September 23, 1998)

■ In the Matter of THOMAS R. SNOW, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [677 NYS2d 829] —Per Curiam. Respondent was admitted to practice by this Court in 1967 and maintains a law office in Albany.

Petitioner, the Committee on Professional Standards, charged respondent with professional misconduct arising out of his representation of three clients and with failure to cooperate with petitioner's investigation. After a hearing, the Referee issued a report making factual findings supporting most of the charges. Petitioner moves to confirm the report insofar as it sustained charges and to disaffirm it insofar as it failed to sustain two charges. Respondent requests that the report be confirmed in its entirety.

A husband and wife retained respondent after they were served with a summons and complaint to foreclose a mechanic's lien. Through his neglect, a default judgment was entered against them.

Another client retained respondent to represent her in a matrimonial matter. During the initial conference, respondent failed to provide her with a statement of client's rights and responsibilities (see, Code of Professional Responsibility DR 1-102 [A] [5] [22 NYCRR 1200.3 (a) (5)]; 22 NYCRR 1200.47, 1400.2), failed to enter into a written retainer agreement and charged and collected $1,250 in legal fees in its absence (see, DR 1-102 [A] [5], [8]; DR 2-106 [C] [2] [B] [22 NYCRR 1200.3 (a) (5), (8); 1200.11 (c) (2) (B)]; 22 NYCRR 1400.3). Respondent was unaware of these requirements and cured the defects when a Judge brought them to his attention. He also failed to provide the client with itemized bills at least every 60 days (see, DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]; 22 NYCRR 1400.2, 1400.3); the Referee found that respondent was unaware of this requirement. Finally, respondent failed to provide the client with fee arbitration information after she asked for

her money back (*see,* 22 NYCRR 136.5; DR 1-102 [A] [5], [8]; DR 2-106 [E] [22 NYCRR 1200.3 (a) (5), (8); 1200.11 (e)]; 22 NYCRR 1400.2, 1400.3, 1400.7). The record does not sustain the charges that respondent failed to communicate with the client and that he failed to refund the unused portion of the retainer to her.

At the initial conference with a third client, who had retained respondent to obtain a divorce, respondent failed to provide her with the required statement of client's rights and responsibilities and failed to enter the required written retainer agreement. Respondent understood that she was retaining him under the same terms as her prior attorney and she told respondent she had previously been provided a copy of the statement and was aware of her rights. He improperly collected a fee from the client in the absence of the written retainer. The record does not sustain the charge that respondent failed to respond to numerous telephone calls from her. The client testified she was satisfied with respondent's representation.

Respondent failed to cooperate with petitioner's investigation of the complaint in the foreclosure matter by not timely responding to its letters.

Normally, in view of the character testimony and affidavits offered on his behalf and the nature of the misconduct, censure would be the appropriate disciplinary sanction. However, because respondent has been previously suspended (*Matter of Snow,* 142 AD2d 835, reinstated 160 AD2d 1173), a more severe sanction is warranted. In addition, we note that petitioner has orally admonished respondent and issued four letters of admonition and three letters of caution to him. Under the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of six months (*see, e.g., Matter of Barnes,* 251 AD2d 811).

Mercure, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent is found guilty of charges I, III, IV, V, VI, VII, and IX of the petition and is found not guilty of charges II and VIII; and it is further ordered that the motions to confirm and disaffirm the Referee's report are granted and denied in accordance with said findings of guilt; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of this decision and order, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to

appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.