(December 29, 2003)

■ In the Matter of Roger L. Dworsky, a Suspended Attorney, Respondent. Committee on Professional Standards, Petitioner. [768 NYS2d 830]—

Per Curiam. Respondent was admitted to practice by this Court in 1979. He maintained an office for the practice of law in the City of Schenectady, Schenectady County.

On October 15, 2001, this Court suspended respondent from practice indefinitely and until further order (*Matter of Dworsky*, 287 AD2d 780 [2001]). One year later, this Court denied respondent's application for reinstatement without prejudice to renewal following disposition of the instant petition of charges.

Having considered motions to confirm and disaffirm the report of the Referee and having heard respondent in mitigation, we find that respondent, in violation of the attorney disciplinary rules, neglected six client matters (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to communicate with these clients and four others (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and converted the funds of five of the clients whose legal matters he neglected by providing little or no legal services and then failing to refund the unearned fees to the clients (*see* DR 1-102 [a] [5], [7]; DR 9-102 [a], [c] [4] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a), (c) (4)]). The Lawyers' Fund for Client Protection has made restitution to the clients and respondent is making monthly payments to reimburse the Fund. In addition, on behalf of a client who was selling his residence, respondent received and

deposited a $1,000 check into his escrow account. Respondent thereafter inexcusably converted the funds to his own benefit as the balance in the account decreased to less than two dollars in five months. The client has been reimbursed by a private foundation, as requested by respondent.

Respondent's misconduct occurred during 2001 when he was experiencing serious alcoholism problems. Respondent has taken apparently successful steps to treat his disease and to ameliorate the adverse consequences it has had on his personal and professional life.

In view of the circumstances presented, and to protect the public and preserve the reputation of the bar, we conclude that respondent should be suspended from practice for a period of three years, effective October 15, 2001. Further, we deny respondent's application for reinstatement without prejudice to its renewal upon expiration of the period of suspension. In support of any such renewal of the application for reinstatement, respondent shall make the showing required by this Court's rules regulating reinstatement (see 22 NYCRR 806.12 [b]) and submit proof of successful participation in the New York State Bar Association's Lawyer Assistance Program.

Mercure, J.P., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in Charge I, specifications 5, 6, 7, 8, 10 and 13, Charge II, specifications 1, 2, 3, 4, 5, 6, 7, 9, 10 and 11, Charge III, specifications 3, 4, 5, 6, 7 and 8 (but not including the sentence, "Respondent failed to remit the funds."); and it is further ordered that the motion by petitioner to confirm and disaffirm the Referee's report and the motion by respondent to confirm the report are each granted in part and denied in part according to the findings of guilt herein; and it is further ordered that respondent is suspended from practice for a period of three years, effective October 15, 2001, and until further order of this Court; and it is further ordered that respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another opinion as to the law or its application, or any advice in relation thereto; and it further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9); and it is further ordered that respondent's application for reinstatement is denied without

prejudice to its renewal at the end of the period of suspension upon the terms set forth in this decision.