In the Matter of A. MICHAEL GEBO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [798 NYS2d 162]—

Per Curiam. Respondent was admitted to practice by this Court in 1977. He resides in the City of Ogdensburg, St. Lawrence County, where he maintained his law office until 2004. Since then, he has been employed full time as senior court attorney for the Jefferson County Surrogate's Court.

Having granted petitioner's motion for an order declaring that no factual issues are raised by the petition of charges and respondent's answer which admitted the charges and specifications, we now find respondent guilty of the following professional misconduct and impose appropriate discipline.

In July 2000, respondent promised a client, who was also his landlord, that he would pay a $4,000 personal injury settlement owed by the client in exchange for withholding four months rent. Respondent withheld the rent but did not pay the $4,000 until he was confronted by the client in February 2004. Respondent neglected this matter on behalf of the client (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), attempted to mislead and deceive the client (*see* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), and converted the client's funds (*see* DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]).

Respondent also converted client funds by allowing the balance in his escrow account to continuously fall below the amount he was required to maintain therein, by making disbursements from the escrow account for which he had no corresponding deposits on behalf of a client, by making disbursements from his escrow account on behalf of clients in excess of the amounts he held on deposit for those clients, and by drawing checks on the escrow account before the corresponding de-

posit was credited to the account (*see* DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]). The record does not show any actual loss of funds by a client. Respondent also improperly commingled personal funds with funds of his clients (*see* DR 9-102 [a] [22 NYCRR 1200.46 (a)]), failed to deposit funds into an IOLA account or other interest-bearing account for the benefit of his clients (*see* Judiciary Law § 497; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to maintain complete records of his clients' funds (*see* DR 9-102 [c], [d] [22 NYCRR 1200.46 (c), (d)]), and improperly permitted a nonattorney (his secretary) to be an authorized signatory on his escrow account (*see* DR 1-102 [a] [5], [7]; DR 9-102 [e] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (e)]). With respect to the charge of commingling, we decline to sustain specification 1 of the charge. The record shows that respondent made the specified deposit of personal funds into his escrow account to correct deficiencies in the account and thereupon relinquished any claim to such moneys (*see e.g. Matter of Barnes*, 198 AD2d 665 [1993]).

Finally, respondent failed to promptly remit settlement funds to a client (*see* DR 1-102 [a] [5]; DR 9-102 [c] [4] [22 NYCRR 1200.3 (a) (5); 1200.46 (c) (4)]) and engaged in a conflict of interest by entering into a loan agreement with the client without advising the client to seek the advice of independent counsel in the transaction and without fully disclosing his inherent conflict of interest in the transaction (*see* DR 1-102 [a] [5]; DR 5-104 [a] [22 NYCRR 1200.3 (a) (5); 1200.23 (a)]).

We conclude that respondent should be suspended from the practice of law for a period of six months for his professional misconduct.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct as set forth in the charges and specifications of the petition except with respect to specification 1 of charge IV; and it is further ordered that respondent is suspended from practice for a period of six months, effective July 15, 2005; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see* 22 NYCRR 806.9)

regulating the conduct of suspended attorneys; and it is further ordered that respondent may apply for reinstatement, pursuant to this Court's rules, 30 days prior to the expiration of the period of suspension imposed by this decision and order.