■ In the Matter of LAWRENCE D. GOLD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [882 NYS2d 549]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintains an office for the practice of law in the Village of Monticello, Sullivan County.

Charge one of the petition alleges that respondent converted funds received on behalf of clients and third parties in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 9-102 (a) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.46 [a]); the specifications allege escrow account discrepancies and a conversion for personal purposes. Respondent has made the ac-

count whole and there is no evidence that any client actually lost money. Charge two alleges that respondent failed to account for funds received on behalf of his client and a third party in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (c) (3) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [c] [3]). Charge three alleges that respondent engaged in misleading and deceiving conduct in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) by informing a trial court that he had deposited certain funds into his escrow account "exactly as directed by court order" although he had already engaged in the misconduct set forth in charge one and his escrow account was not interest bearing. Charge four alleges that respondent engaged in a conflict of interest in violation of Code of Professional Responsibility DR 5-104 (22 NYCRR 1200.23) by repeatedly borrowing funds from two clients held in his attorney escrow account without having provided the clients with a writing setting forth terms of the loans that were fair and reasonable, disclosed the inherent conflict of interest to them, and advised them to seek the advice of independent counsel regarding the loans (*see e.g. Matter of Gebo*, 19 AD3d 932 [2005]; *Matter of Farrington*, 270 AD2d 710 [2000]; *Matter of Orseck*, 262 AD2d 862 [1999]); respondent has submitted affidavits from the clients stating that they had authorized the loans. The remaining charges allege that respondent failed to maintain accurate records for his attorney escrow account and failed to properly title his attorney escrow account in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (b) (2); (c) and (d) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [b] [2]; [c], [d]), and failed to maintain client funds in an IOLA or other interest bearing account in violation of Judiciary Law § 497 and Code of Professional Responsibility DR 1-102 (a) (5) and DR 9-102 (b) (1) (22 NYCRR 1200.3 [a] [5]; 1200.46 [b] [1]).

After a hearing, the Referee sustained the charges. Petitioner moves to confirm the Referee's report while respondent cross-moves to vacate the report. Respondent sets forth mitigating circumstances, some of which are mentioned above. In addition, respondent has handled many pro bono cases, expresses remorse for his misconduct, has been cooperative with petitioner, suffered personal problems during the relevant time period, and submits many character affidavits from clients and colleagues.

We grant petitioner's motion and find respondent guilty of the professional misconduct charged and specified in the petition except insofar as charge seven alleges a violation of Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46

[b] [1]). Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) does not expressly mention IOLA or interest bearing accounts.

We further conclude that respondent's serious professional misconduct warrants his suspension from the practice of law for a period of three years (*see e.g. Matter of Dworsky*, 2 AD3d 1205 [2003]; *Matter of Holsberger*, 223 AD2d 920 [1996]; *Matter of Smith*, 203 AD2d 886 [1994]).

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent's cross motion to vacate the Referee's report is denied; and it is further ordered that respondent is found guilty of professional misconduct as charged and specified in the petition except insofar as charge seven alleges a violation of Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]); and it is further ordered that respondent is suspended from the practice of law for a period of three years, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent, while suspended, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).